UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-160-1 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| REJON TAYLOR ) | |
| ) | |

**ORDER**

On June 12, 2006, the Court conducted a status conference to discuss Defendant Rejon Taylor's trial date and other scheduling matters. Assistant United States Attorney Steven Neff was present representing the government. Attorney Bill Ortwein was present representing Defendant Rejon Taylor ("Defendant").[1] During the scheduling conference, the Court discussed a number of scheduling matters, including issues related to the Speedy Trial Act, 18 U.S.C. §§ 3161 - 3174.. Following the Court's discussion, Defendant filed a motion with the Court, requesting the Court again to declare the case complex litigation and to find the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(8)(A)-(B) (Court File No. 128). Defendant filed a memorandum in support of his motion (Court File No. 129).

The Government has not filed a response to the motion and indicated at the conference it deemed a continuance appropriate.

Under the Speedy Trial Act, a defendant must be tried or enter a plea of guilty within seventy

---

[1] Attorney Myrlene Marsa was present representing Defendant Joey Marshall. Attorney Jerry Summers was present representing Sir Jack Matthews. As Defendants Marshall and Matthews intend to plead guilty, their counsel were dismissed as their input was unneeded in scheduling matters regarding Defendant Taylor.

days "of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Certain periods of delay may be excluded from this time period, including a continuance granted by the Court on the motion of a defendant if the Court finds the "ends of justice" served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The factors a Court must consider in determining whether to grant such a continuance include whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii).

To support his contention this case in complex, Defendant submits the government has filed a Notice of Intent to Seek the Death Penalty on June 1, 2006 (Notice of Intent to Seek the Death Penalty, Court File No. 123, "the notice"). In light of new factors described in the notice, Defendant stated a new budget will need to be prepared and submitted to the Court and, subsequently, the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") for approval. Once the budget is approved by the Sixth Circuit, Defendant will need time for his investigators and experts to complete their tasks. From the discovery materials provided thus far to Defendant, attorneys for both sides estimate there could be as many as approximately 70 witnesses at trial. During the scheduling conference, Defendant suggested setting the trial date approximately eight months ahead, in February 2007, would allow counsel to prepare an adequate and thorough defense to these serious charges.

The Court understands and appreciates that this case will require much more time than the typical criminal case. Trying a capital case in this district is a rare if not entirely unprecedented

proposition. There are issues attendant upon a capital case that do not exist in other cases. Not only must counsel prepare for a trial on Defendant's guilt or innocence but they must also prepare for a possible second phase focusing on punishment. Issues regarding aggravation and mitigation and the possible use of experts are much more prevalent in such cases. Providing both sides adequate time to explore and prepare for such issues serves the public interest. Based upon representations of counsel, the Court finds it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(B)(ii). Therefore, the Court makes a finding the ends of justice are best served by continuing this matter until the date set for trial and the Court hereby **GRANTS** Defendant's motion (Court File No. 128). As the delay is one to serve the ends of justice, such a delay is excluded for the purposes of the Speedy Trial Act.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**