THE UNITED STATES COURT DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **INDICTMENT NUMBER 1:04-cr-160** |
| | ) | |
| v. | ) | |
| | ) | |
| **REJON TAYLOR** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR THE
AUTOMATIC AND/OR EARLY PRODUCTION
OF JENCKS/RULE 26.2 STATEMENTS**

This request is made to accommodate the District Court in moving this case expeditiously once a jury is selected. Often, the prosecution supplies the defense with *Jencks*/Rule 26.2 statements after a witness testifies and at a time when the defense cannot possibly review the materials so as to proceed with cross examination. While counsel recognizes that the *Jencks* Act and Rule 26.2 provide that statements need be produced only after the witness testifies, *United States v. Wilkerson*, 456 F.2d 57, 61 (6th Cir. 1972), *cert. denied*, 408 U.S. 926; *United States v. Alqie*, 667 F.2d 569, 571 (6th Cir. 1982); *Sendejas v. United States*, 428 F.2d 1040, 1046 (9th Cir.), *cert. denied*, 400 U.S. 879 (1970), the defense urges this Court to implement a rule which will accommodate both the law and the orderly trial of this case. The defense requests that the Court advise the prosecution to provide statements, because this is a capital case, at least thirty (30) working days prior to trial.

The defendant further seeks the production of all statements of every government witness pursuant to *Jencks* Rule 26.2, without the necessity of repeated requests by defense counsel. It is

1

requested that the prosecution be required to produce these statements automatically so that the defense will not be placed in the position of appearing demanding in the presence of the jury. Requiring repeated requests by defense counsel only serves to place the attorneys in an unfavorable light, and appear unprepared and obstructive in the presence of jurors who do not understand the procedures involved. At times trial judges may express their displeasure in the delay required by defense requests which again places the defense in an unfavorable light because of something over which the defense has no control. In a capital case, this is unacceptable.

In the event the prosecution declines to provide early *Jencks*, the defense request that the Court grant an automatic recess after production to the defense to review statements provided. Again, the defense should not be required to make these requests in the presence of the jury when it is the prosecution who is making the recess necessary by delaying production until after the witness testifies.

Death penalty cases are different, the United States Supreme Court has declared. "[E]very member of this Court has written or joined at least one opinion endorsing the proposition that because of its severity and irrevocability, the death penalty is qualitatively different from any punishment, and hence must be accompanied by unique safeguards..." *Spaziano v. Florida*, 469 U.S. 447 (1985); *Woodson v. North Carolina*, 428 U.S. 280, 304-305 (1976). When facing questions of this sort, courts should and must recognize that adequate preparation is essential to ensuing reliability. Congress has, even in a bygone era, recognized how fundamentally different death penalty cases are and recognized this in the area of discovery. 18 U.S.C. Section 3005 (1969) [two lawyers "learned in the law" shall "immediately" be assigned to whomever faces a capital indictment. "This venerable statute was first enacted as Section 29 of

2

the Act of April 30, 1790; 1 Stat. 118 ... it has existed continuously since..." *United States v. Watson*, 496 F.2d 1125, 1126 (4th Cir. 1973)]; Rule 24(b), F.R.Cr.P. [additional peremptory challenges].

WHEREFORE, Defendant requests automatic and/or early production of *Jencks*/Rule 26.2 statements in this capital case.

Respectfully Submitted,

s/ William H. Ortwein (BPR #01548)
Attorney for Defendant Taylor
P. O. Box 38
Hixson, TN  37343
(423) 713-0703

3