# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No. 1:04-CR-160** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Collier** |
| **REJON TAYLOR** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO PROHIBIT THE INTRODUCTION OF EVIDENCEOF DEFENDANT'S ATTEMPTED JAIL ESCAPE

On September 15, 2006 the Government filed its' Response to Defendant's Motion for Order Requiring the United States to Comply with Discovery Orders within Ten (10) Days or be Sanctioned and stated:

> The United States will provide formal notice of its intent to present 404(b) evidence to the defense and Court well in advance of trial. Defense counsel is aware that the United States will offer proof of the defendant's attempted escape from the Hamilton County [jail] in April of 2006, as well as proof of the defendant's prior burglaries and thefts, specifically those involving the victim, Guy Luck. The United States does not regard this proof as 404(b) evidence, but, out of an abundance of caution, lists here.

(Court Doc. 183, pg. 11).

Therefore, for purposes of introducing the "attempted escape" and "the defendant's prior burglaries and thefts" the Government is not relying on Rule 404(b).

### Attempted Escape

According to the discovery provided by the Government, the evidence of an "attempted escape" by Mr. Taylor from the county jail consists of approximately 800 minutes of telephone conversations. These conversation are apparently calls made from the jail by an individual the

Government claims to be Mr. Taylor.[1]  These conversations took place during early months(s) of 2006; the offenses alleged in the indictment occurred on or about August 6, 2003.

For evidence to be admissible it must, first, be relevant. *Rule* 401.  Evidence that tends to make the existence of any fact that is of consequence to the determination of an action more probable or less probable is relevant evidence.  The rules therefore require two implicit findings by the Court before an item is deemed relevant: (1) evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action.  *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).  The majority of opinions concerning "consciousness of guilt" evidence discuss the probative value of "flight" evidence, but it is generally acknowledged that the same considerations govern the admissibility of "escape" evidence.  *United States v. Hankins*, 931 F.2d 1256, 1261-62 (8th Cir. 1991), cert. denied, 502 U.S. 886 (1991) ; Sixth Circuit Pattern Criminal Jury Instructions, 1991, 7.14, commt. comment ("*Based on Sixth Circuit authority, the Committee recommends one generic instruction for all consciousness of guilt situations which can be modified as circumstances dictate*").

The probative value of "flight" must be analyzed in detail:

> ... as circumstantial evidence of guilt depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged...

*United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977), cert. Denied, 439 U.S. 847 (1978).

---

[1]These recording were provided to the defense one week ago and counsel has not had enough time to review them all, therefore it can only be generalized that these are recordings from a person the Government believes to be Mr. Taylor. This issue is/will be the subject of other motions (motion to suppress, motion to appoint expert).

Similarly, the Committee Commentary to the "Flight" instruction provided in the Sixth Circuit

Pattern Criminal Jury Instructions of 1991 states:

> The relevance of such evidence depends on a series of inferences. For example, the relevancy of evidence of flight depends on being able to draw three inferences: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; and (3) from consciousness of guilt concerning the crime charged to acutal guilt of the crime charged.

Id. at 163.

Additionally, the Supreme Court voiced its' concerns in *Wong Sun v. United States*, 371 U.S.

471, 483, n.10 (1963), about the probative value of such evidence:

> ... we have consistently doubted the probative value in criminal trials of eveidence that the accused fled the scene of an acutal or supposed crime. In *Alberty v. United States*, 162 U.S. 499, 16 S.Ct. 864, 40 L.Ed. 1051 (1895), this court said: '... it is not universally true that a man, who is conscious that he has done a wrong, will pursue a certain course not in harmony with the conduct of a man who is consious of having done an act which is innocent, right and proper, since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses. Nor is it true as an accepted axiom of criminal law that the wicked flee when no man pursueth, but the righteous are so bold as a lion'.

Id.

In the instant case, based on the discovery, it does not appear that it can be shown that

Mr. Taylor's alleged motive for allegedly attempted to escape was a result of his guilty

conscience. In fact, it is just as easily inferred that Mr. Taylor sought to escape out of fear of

receiving a punishment that neither he nor anyone deserves. As a result, the defense submits that

this evidence does not satisfy the requirement of relevance and is therefore inadmissible for

purposes of the guilt/innocence phase of this trial.

In the event, however, that such evidence is deemed relevant, the prejudice resulting

therefrom should require its' exclusion. *Rule* 403 of the *Rules of Evidence* requires exclusion of

if the probative value is substantially outweighed by the danger of unfair prejudice. The phrase "unfair prejudice" as to a criminal defendant refers to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on grounds other than proof specific to the offense charged. *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *Doe v. Clairbourne County, Tennessee*, 103 F.3d 495, 515-516 (6th Cir. 1996). It has been noted by scholars that "one is forced to wonder whether the evidence is not directed to punishing the 'wicked' generally rather than resolving the issue of guilt of the offense charged." McCormick, Evidence, §271, at 803 (1984). It is Mr. Taylor's position that the admission of such evidence would cause the jury to reach a verdict based on evidence other than that which it should properly consider in making such a determination.

Additionally, Mr. Taylor submits that evidence of this alleged escape should be excluded from the penalty phase of his trial. While the rules of admissibility during the penalty phase are relaxed, they are not non-existent. Title 18 *U.S.C.* §3593(c) provides, "Information is admissible regardless of its admissibIlity under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury..." . Mr. Taylor would submit that the introduction of any information respecting the alleged jail escape would run afoul of the above cited limitation of admissibility. The Government has the remedy of charging Mr. Taylor with the offense of escape if it wishes to punish him for that offense - it does not have the option of using this uncharged conduct as a vehicle for obtaining a death sentence in the present case.

## CONCLUSION

It is therefore Mr. Taylor's request that any evidence of his alleged escape attempt be

deemed inadmissible as to rule otherwise would violate the rules of evidence and Due Process.

Respectfully Submitted,

Ortwein & Cory, LLC

<u>s/ Lee Ortwein (BPR #19530)</u>
**Attorney for Defendant Taylor**
**1010 Market Street, Suite 306**
**Chattanooga, TN 37402**
**(423) 265-0296**