**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:04-cr-160** |
| | ) | **Judge Collier/Carter** |
| | ) | |
| **REJOHN TAYLOR** | ) | |

**RESPONSE TO DEFENDANT'S MOTION**
**REQUESTING SEQUESTRATION OF JURY**

Comes now the United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, and Christopher D. Poole, Assistant United States Attorney, and objects to the defendant's motion requesting sequestration of the jury.

**Argument**

The decision whether or not to sequester a jury is within the discretion of the trial judge. *United States v. Acuff*, 410 F.2d 463, 467 (6th Cir. 1969). However, the burden is on the defendant to show that prejudice will result from the court's failure to order sequestration. The Sixth Circuit has held that trial courts do not abuse their discretion by denying a motion to sequester where the defendant failed to show that the case is "so fraught with prejudicial publicity that prejudice was probable without sequestration." *Id.* at 467. Other courts have held similarly. "Sequestration is an extreme measure, one of the most burdensome tools of the many available to assure a fair trial." *Drake v. Clark*, 14 F.3d 351, 358 (7th Cir. 1994), *quoting United States v. Greer*, 806 F.2d 556, 557 (5th Cir. 1986). "A defendant, complaining of a refusal to sequester, must demonstrate a substantial likelihood of prejudice flowing from the refusal to

1

sequester to warrant a new trial." *Greer* at 557-558 , *quoting United States v. Phillips* 664 F.2d 971, 997 (5th Cir. 1981).

The seminal case in this area is *Sheppard v. Maxwell*, 384 U.S. 333, 86 S. Ct. 1507, 16 L.Ed. 2d 600 (1966).  In that case the Supreme Court did hold that the trial court erred in failing to sequester the jury because the massive publicity surrounding the trial of the defendant, an allegedly adulterous, prominent physician, charged in the murder of his wife, created an atmosphere "where bedlam reigned" at the courthouse.  *Id*. at 355.  The media, who was literally in courtroom handling and photographing trial exhibits during the trial, created such a "carnival atmosphere" that the trial court should have controlled the media and separated the jury.  *Id*.

There is no such carnival atmosphere or massive media coverage and involvement in this case.  The defendant attached one (1) article from the on-line paper *The Chattanoogan* and two (2) articles from the local paper, the *Chattanooga Times-Free Press*, all of which were from 2004, when the United States originally charged the defendants in this case as well as a few articles from the *Atlanta Journal-Constitution*, a paper obviously from outside the Eastern District of Tennessee as proof that the media scrutiny is so intense in this case that the defendant cannot receive a fair trial without a sequestered jury.  The United States respectfully disagrees with this assertion.  There is no proof of overwhelming media coverage.  In fact, there is a similar amount of local coverage of many federal cases whether they go to trial or result in guilty pleas.  Clearly, the amount of coverage will likely increase during the trial, but media coverage of a trial does not necessitate a sequestered jury even in a death penalty case.

Judges have taken several different approaches with respect to sequestration of jurors in death penalty trials.  The majority of judges polled for the Federal Judiciary Center's "Resource

2

Guide for Managing Capital Cases" had not sequestered their juries. Johnson and Hooper, at 40. Where juries were sequestered, most were sequestered only for the penalty phase. *Id*.

Most judges saw no need to sequester in the absence of threats to jurors or large amounts of pretrial publicity. *Id*. Admonitions to jurors to avoid publicity and not discuss the case are sufficient safeguards for most judges. *Id*. Several judges mentioned that, although the crimes that were the subjects of their trials had received a good deal of publicity when the defendants were first charged, the media and public interest had abated quite a bit by the time of the trial. *Id*.

In making the decision whether to sequester the jury, judges focused primarily on whether because of the nature of the case and the defendant(s), jurors had been or might be threatened. *Id*. Sequestration can insulate the jury from outside influence and possible jury tampering, it makes the task of the U.S. Marshal in ensuring the jurors' safety easier, and sequestration eliminates the possibility of post-conviction claims based on contact with jurors. However, these concerns might be accommodated by arranging escorts of the jurors to and from the courthouse and a prearranged meeting site securely situated away from the courthouse.

In this case there is no proof that the jurors involved are in danger or easily susceptible to tampering. There has not been a massive amount of media coverage. In fact, at a hearing in this matter earlier this year this Honorable Court commended the attorneys on each side of this case for their discretion in dealing with the media and not attempting to manipulate the potential jury pool. The defendant has presented no proof that demonstrates that he cannot receive a fair trial absent a sequestered jury. The United States submits that a sequestered jury is unnecessary, at least based on the proof now before the court, and asks that the defendant's motion be Denied.

3

**Conclusion**

For the forgoing reasons the defendant's motion to suppress should be Denied.

Respectfully submitted,

JAMES R. DEDRICK
United States Attorney

**/s/ Christopher D. Poole**
  Christopher D. Poole
  Assistant U. S. Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing pleading has been served upon all parties at interest in this case or counsel for said parties via the U.S. District Court's Electronic Case Filing System.

This 17th day of October.

JAMES R. DEDRICK
United States Attorney

**/s/ Christopher D. Poole**
  Christopher D. Poole
  Assistant U. S. Attorney