UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-160 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| REJON TAYLOR ) | |

## MEMORANDUM & ORDER

Before the Court is Defendant Rejon Taylor's ("Defendant") "Motion to Dismiss Indictment" (Court File No. 187). Defendant filed a memorandum in support of the motion (Court File No. 188) and the government responded to the motion (Court File No. 231). Defendant did not file a reply brief. For the reasons stated below, the Court **DENIES** Defendant's motion (Court File No. 187).

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

The government alleges, on August 6, 2003, Defendant participated in the carjacking, kidnapping and murder of Atlanta restaurant owner Guy Luck. On October 13, 2004, Defendant was indicted in a four-count indictment charging him with carjacking resulting in death, kidnapping resulting in death, and the firearms murder of Guy Luck. The alleged victim was a French citizen living in the United States who went by the name "Guy Luck," but whose birth name was "Gaston Jean Heros" (Court File No. 188-3, p. 6).[1] Defendant alleges the Indictment is "not sufficient to protect the Defendant from being placed in double jeopardy" (Court File No. 188-1, p. 2).

---

[1] In the victim's sister's sworn affidavit submitted to a probate court in Georgia, the victim's sister states once "Gaston Heros" settled in Atlanta, Georgia, he became known as "Guy Luck."

## II. DISCUSSION

Defendant's motion alleges the Indictment (Court File No. 1) offers Defendant "no double jeopardy protection as required by the United States Constitution" because it alleges the victim to be Guy Luck, when, "in fact, the true and correct name of the alleged victim is Gaston Heros." Defendant further argues "[a]s the Indictment does not provide Rejon Taylor with double protection [sic] and cannot be amended, the Court should dismiss it"(Court File No. 188-1, p. 2).

The Court is not persuaded by Defendant's argument. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution guarantees that no person will "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause only bars additional prosecution by the same sovereign. *United States v. Louisville Edible Oil Products, Inc.*, 926 F.2d 584, 587 (6th Cir. 1991). Defendant argues, because of the different names, should he be tried in the future this prosecution would not bar that prosecution because it would not be clear the victim was the same. However, in considering double jeopardy claims, courts look not only to the charging instrument but also to the entire record of the first prosecution. Here, there is no lack of clarity about the identity of the victim, he just used different names. Under these circumstances, the defendant enjoys all the protections of the double jeopardy clause to which he is entitled.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's "Motion to Dismiss Indictment" (Court File No. 187).

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**