UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:04-CR-160 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| REJON TAYLOR | ) | |

**MEMORANDUM**

Before the Court is Defendant Rejon Taylor's ("Defendant") "Motion to Prohibit the Introduction of Evidence of Defendant's Attempted Jail Escape" (Court File No. 194). Defendant filed a memorandum in support of the motion (Court File No. 195) and the government responded to the motion (Court File No. 235). For the reasons stated below, the Court will **DENY** Defendant's motion.

**I.   STANDARD OF REVIEW**

Defendant relies upon Fed. R. Evid. 401 and 403 in support of his argument. Fed. R. Evid. 401 defines "relevant evidence" as follows:

> "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Fed. R. Evid. 401. Relevance is an low hurdle to overcome. "[T]he test of relevance is very liberal and does not entail a determination of the sufficiency of the evidence." *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1345 (6th Cir. 1992). "Implicit in [the definition of relevancy] are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."

*United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). All evidence that meets the definition of relevance is admissible unless prohibited by some authority. Fed. R. Evid. 402.

Even relevant evidence may be excluded pursuant to Rule 403. Rule 403 requires the exclusion of relevant evidence on grounds of prejudice, confusion or waste of time:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Rule 403 requires the trial court to engage in an exercise of balancing the probative value of the proffered evidence against its prejudicial effect. For this reason, the decision to admit or exclude evidence under Rule 403 is committed to the Court's sound discretion. "In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *United States v. Dennis,* 625 F.2d 782, 797 (8th Cir. 1980). "Courts have characterized Rule 403 as an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985).

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Based upon representations made to the Court it is the understanding of the Court that the Government wishes to introduce the following evidence in its case-in-chief in the guilt/innocence phase of Defendant's trial, as well as at the sentencing phase, should the sentencing phase be necessary.

> On April 14, 2006, Defendant and at least four (4) other inmates in the Hamilton County Jail assaulted and injured two (2) jailers and attempted to escape the facility.

The defendant and the other inmates[1] had planned this escape for four (4) to five (5) months previous to the actual attempt. The defendant and other inmates had crafted and hidden "shanks," pipes, and a rope made from sheets and towels to use during the escape, and the defendant had arranged for a vehicle to be waiting for the defendant and other inmates to use to facilitate their escape to a prepaid hotel room complete with changes of clothes for the escapees.

(Court File No. 235, p. 1). The government states it has proof of this escape attempt "in the form of, among other things, testimony from some of the inmates who planned and attempted to execute the escape, recorded phone calls from the defendant related to the escape, physical evidence such as the 'shanks,' pipes, and rope, photographs, testimony from the jailers, and other evidence." Defendant has filed the present motion (Court File No. 194) to exclude this evidence from the jury at any phase of Defendant's trial.

## III. DISCUSSION

Defendant first argues the evidence relating to his alleged escape is irrelevant. Second, Defendant argues the probative value of the evidence is substantially outweighed by the danger of its prejudicial effect. In response, the government states the evidence is relevant to Defendant's consciousness of guilt. The Court will address each of Defendant's arguments, in turn, as it relates to each phase of the trial.

### A. *Evidence of Defendant's Attempted Escape is Relevant to Both Phases of the Trial.*

As the Advisory Committee's note to Rule 401 points out, relevancy is "not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." "Flight from justice, and its analogous conduct, have always

---

[1] One of the other inmates in the attempted escape was Joey Marshall, a co-defendant in the instant case, who entered a guilty plea in this Court pursuant to a plea agreement with the Government.

3

been deemed indicative of a consciousness of guilt." *United States v. Serio,* 440 F.2d 827, 831 (6th Cir. 1971) (quoting *Marcoux v. United States*, 405 F.2d 719, 721 (9th Cir. 1968)). "It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *Id.* at 831-32. Since this evidence is probative of the proposition it would be offered to prove and this proposition is of consequence to the issues in this case, the evidence is relevant. Under Rule 402 then, the evidence is admissible.

Further, Defendant's conduct during his escape is relevant to his willingness to commit further acts of violence, whether while incarcerated or while free. Such a factor is relevant to the jury's determination of the proper sentence Defendant should receive (if Defendant is found guilty during the first phase of the trial). Defendant's propensity to attempt escape is relevant to Defendant's future dangerousness. *See Kelly v. South Carolina*, 534 U.S. 246, 253 (2002)("[t]o the extent that [the state court] thought that '[e]vidence that [the defendant] took part in escape attempts and carried a shank . . . is not the type of future dangerousness evidence contemplated by *Simmons* [*v. South Carolina*, 512 U.S. 154 (1994)],' . . ., it overlooked that evidence of violent behavior in prison can raise a strong implication of 'generalized . . . future dangerousness.'"). "A jury hearing evidence of a defendant's demonstrated propensity for violence reasonably will conclude that he presents a risk of violent behavior, whether locked up or free, and whether free as a fugitive or as a parolee." *Kelly*, 534 U.S. at 253-54. As such, the Court finds the evidence of Defendant's attempted escape is also relevant to the jury's determination at the sentencing phase of the trial.

>    **B.**    ***The Probative Value of the Evidence of Defendant's Attempted Escape is not Substantially Outweighed by the Danger of Unfair Prejudice.***

The Court concludes the evidence of Defendant's attempted escape highly relevant to show

4

his consciousness of guilt and his propensity to commit other acts of violence, whether locked up or free. Defendant argues, even if the Court deems the evidence relevant, the "prejudice resulting therefrom should require its' [sic] exclusion." Defendant has failed to identify any specific prejudice he believes will flow from admission of this evidence. For this reason the Court presumes Defendant is relying upon the general prejudice resulting from any jury learning of other bad acts of a defendant. Even if the Court concluded such a danger was present, the Court would have to conclude the danger of unfair prejudice was so great it would likely result in the jury reaching its decision on an improper basis, generally an emotional basis. There is nothing about this evidence that at this point suggests a jury would abandon its obligation to decide the case on the particular facts and law before it and decide the case out of its outrage, horror, or disgust with learning Defendant may have made an effort to escape from custody.

Moreover, as a matter of practice the Court instructs the jury as to the proper purpose and use of evidence, and should the Court do so in this case there is reason to think the jury will not be able to follow that instruction. To the extent then there is any potential for a danger of unfair prejudice it would not outweighs the probative value of the evidence for either phase of the trial if the jury properly followed the Court's instruction.

**IV.    CONCLUSION**

For the reasons stated above, the Court will **DENY** Defendant's "Motion to Prohibit the Introduction of Evidence of Defendant's Attempted Jail Escape" (Court File No. 194)**.**

/s/
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**