UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-160 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| REJON TAYLOR ) | |

**MEMORANDUM**

Before the Court is Defendant Rejon Taylor's ("Defendant") "Motion Requesting Sequestration of Jury" (Court File Nos. 200, 204). Defendant filed a memorandum in support of the motion (Court File No. 205) and the government responded to the motion (Court File No. 232). For the reasons stated below, the Court will **DENY** Defendant's motion.

**I.     STANDARD OF REVIEW**

Sequestration of a jury is committed to the sound discretion of the trial judge. *United States v. Swainson*, 548 F.2d 657, 664 (6th Cir. 1977); *Mastrian v. McManus*, 554 F.2d. 813, 818 (8th Cir. 1977. Sequestration of a jury works a hardship upon those selected to serve as jurors and also reduces the number of potential jurors ("The procedure of sequestration is one of the most burdensome tools of the many available to assure a fair trial. It necessarily narrows the cross section from which a jury is drawn by eliminating those persons for whom a lockup would be prohibitive" Mastrian, 554 F.2d at 819). For ths reason a trial judge should decide to sequester a jury only as a last resort. Before making such a decision the trial court should carefully consider charges of outside influence in cautiously exercising its discretion to sequester a jury in a criminal trial. *United*

*States v. Acuff*, 410 F.2d 463, 467 (1969). "Whether sequestration is necessary should turn on the special facts fo [sic] each case" and "[c]ertain cases by their nature create wide public interest and invite discussion." *Id*. In *Acuff*, the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") lists several factors for the Court to consider in deciding whether or not to sequester a jury: (1) inconvenience to jurors; (2) the possibility of hastened verdicts to avoid prolonged sequestration; (3) lack of adequate lodging; (4) and the extent of the publicity given to the case. *Id.*

## II. RELEVANT FACTS

On October 13, 2004, Defendant was indicted in a four-count indictment and charged with: (1) carjacking resulting in death (18 U.S.C. §§ 2119(3) and 2(a) and (b)) in Count One; (2) firearms murder during and in relation to carjacking (18 U.S.C. §§ 924(j)(1) and 2(a) and (b)) in Count Two; (3) kidnapping resulting in death (18 U.S.C. §§ 1201(a)(1) and 2(a) and (b)) in Count Three; and (4) firearms murder during and in relation to kidnapping of one alleged victim, Guy Luck (18 U.S.C. §§ 924(j)(1) and 2(a) and (b)) in Count Four (Court File No. 1). The government filed its notice of intent to seek the death penalty on June 1, 2006 (Court File No. 123).

The case is set for trial on February 5, 2007. Since the time of the arrest, there have been a few stories covering the prosecution of Defendant in the local media and in the Atlanta newspaper (Court File No. 205-2).

## III. DISCUSSION

In his memorandum in support of Defendant's motion requesting sequestration of the jury, Defendant states "an immense public interest has taken place as evidenced by the coverage of this cause in the media." Defendant also asserts this public interest results from Defendant being the first

person in this district as to whom the Government has ever sought the death penalty (Court File No. 205-1). In support of this contention, Defendant attached to his motion and memorandum a few articles published in the local newspaper and in the Atlanta newspaper. However, none of these articles was published after 2004, much less after the government announced its intent to seek the death penalty against Defendant in June 2006.

To this point, the newspaper and media coverage does not approach the sort of problems which other courts have had to deal with in such cases as *Irvin v. Dowd*, 366 U.S. 717 (1961) and *Sheppard v. Maxwell*, 346 F.2d 707 (6th Cir. 1965), *aff'd*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). While there is adequate lodging in Chattanooga to sequester the jury, the extent of media coverage and publicity given to this case does not outweigh the inconvenience sequestration places upon the jurors and the burden that would place upon the Court's ability to draw a jury from a cross section of the community. Nothing has been brought to the Court's attention that suggest that this most burdensome tool should be used, especially at this still early stage of the proceedings. Should the circumstances change as the trial date draws closer or during the trial, then obviously the Court will reconsider this decision.

### IV. CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's "Motion Requesting Sequestration of Jury" (Court File Nos. 200, 204)**.**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**