UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:04-CR-160 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| REJON TAYLOR | ) | |

**MEMORANDUM**

Before the Court are Defendant Rejon Taylor's ("Defendant") "Motion to Declare the Death Penalty Unconstitutional as Violative of the Eighth Amendment Due to the Defendant's Age" and "Motion to Strike the Alleged Aggravator Which Alleges that the Defendant Was Over 18 Years of Age at the Time of the Offense" (Court File Nos. 246, 248). Defendant filed a memorandum in support of each motion (Court File Nos. 247, 249) and the government responded to the motions (Court File No. 289). For the reasons stated below, the Court will **DENY** Defendant's motions (Court File Nos. 246, 248).

**I.    STANDARD OF REVIEW**

In determining whether punishments are so disproportionate as to be "cruel and unusual" within the meaning of the Eighth Amendment, a court must refer to "evolving standards of decency that mark the progress of a maturing society." *Roper v. Simmons*, 543 U.S. 551, 561 (2005). In *Roper*, the United States Supreme Court (the "Supreme Court") decided to draw a clear line to determine the age of eligibility for the death penalty. *Id.* at 574. "The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the

age at which the line for death eligibility ought to rest." *Id.*

Title 18, United States Code, Section 3591(a) establishes that under the federal death penalty scheme, a defendant may not be put to death unless he is at least 18 years of age at the time he committed the offense. The jury may not consider the death penalty unless this fact is established, so the defendant's age must be alleged and proved to trigger the death penalty sentencing phase of the trial.

**II.     RELEVANT FACTS AND PROCEDURAL HISTORY**

According to an affidavit submitted to the Court by Defendant's attorney William H. Ortwein, Defendant "was 19 years of age at the time the offense was committed." (Ortwein Aff., Court File No. 247). The grand jury alleged several sentencing allegations in contemplation of the death penalty, including the triggering factor that Defendant was more than 18 years old at the time he committed the offense (Court File No. 1 at 5). Subsequently, the government filed a notice of intent to seek the death penalty on June 1, 2006 against Defendant, alleging various statutory and non-statutory aggravating factors and facts and evidence which support those aggravators as a basis for seeking the death penalty.

**III.    DISCUSSION**

*A.     Eighth Amendment motion*

In his motion to declare the death penalty unconstitutional due to his age at the time of the alleged offense, Defendant argues that since "an individual's frontal brain lobe does not reach maturity until an individual is in their 20's, the death penalty as applied to them is violative of the cruel and unusual punishment of the Eighth Amendment of the United States Constitution." (Court

File No. 247-1 at 4). Defendant cites *Roper* and *Atkins v. Virginia*, 536 U.S. 304 (2002) in support of this motion.

Neither case supports Defendant's motion. In *Roper*, the defendant was convicted after he turned 18 of committing first degree murder when he was 17 and was sentenced to death. *Roper*, 543 U.S. at 556. The Supreme Court held that execution of individuals who were under 18 years of age at the time of their capital crimes is prohibited by the Eighth and Fourteenth Amendments. *Id.* at 569-74. Unlike *Roper*, Defendant's attorney has confirmed by affidavit Defendant was 19 years of age at the time of the offense (Court File No. 247).

In *Atkins*, the Supreme Court held that executions of mentally retarded criminals were "cruel and unusual punishments" prohibited by the Eighth Amendment. Here, Defendant does not claim he is mentally retarded but instead claims "it is undisputed in the scientific community that the frontal lobe which allows human beings to anticipate consequences, plan and control impulses . . ., do [sic] not biologically mature until a person is at least twenty-one (21) years of age." Nothing in *Atkins* changed the Supreme Court's decision in *Roper* to set the "the age at which the line for death eligibility ought to rest" at age 18.

At what age persons should face what punishment is a refection of the considered judgments a society makes about socially disfavored behavior and the consequences violators should face for that behavior. As such, these are matters better left to the people through their elected representatives, tempered only by the restrictions of the United States Constitution.

Since the elected representatives have determined the death penalty is a proper punishment for the charged offenses, and the Supreme Court has not held that such punishment is impermissible, the Court will **DENY** Defendant's motion to declare the death penalty unconstitutional due to his age at the time of the alleged offense (Court File No. 246).

### B. *Motion to strike the "alleged aggravator"*

In his two-sentence memorandum in support of the motion to strike the "alleged aggravator," Defendant states in total:

> The indictment under aggravators states that the Defendant was over 18 years of age at the time of the offense.
>
> As age 18 is a qualifier not an aggravator, the fact he was nineteen years of age at the time of the alleged offense should be stricken from the indictment as an aggravator and not submitted to the jury as an aggravator. See 18 U.S.C. 3591(D),(b)(2) [sic]. Also see *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183 [sic].

(Court File No. 249). As mentioned above, the indictment lists several *sentencing allegations* in contemplation of the death penalty, including the triggering factor that Defendant was more than 18 years old at the time he committed the offense (Court File No. 1 at 5). The sentencing allegation is not labeled an "aggravator" in the Indictment (id). As this is an allegation the government must prove in order to trigger the death penalty, the Court concludes it is properly included in the sentencing allegations of the Indictment.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will **DENY** Defendant's "Motion to Declare the Death Penalty Unconstitutional as Violative of the Eighth Amendment Due to the Defendant's Age" and "Motion to Strike the Alleged Aggravator Which Alleges that the Defendant Was Over 18 Years of Age at the Time of the Offense" (Court File Nos. 246, 248).

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**