UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:04-CR-160 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| REJON TAYLOR | ) | |

**MEMORANDUM**

Before the Court is Defendant Rejon Taylor's ("Defendant") "Motion to Dismiss Counts of the Indictment on Double Jeopardy Grounds and Require the Government to Elect One Count on Which to Proceed" (Court File No. 178). In his memorandum in support of the motion, Defendant request the Court to dismiss three counts of the Indictment and to require the government to elect one of the four counts on which it will proceed to trial, based upon the "constitutional prohibitions against multiplicitous indictments and double jeopardy." (Court File No. 179). The government responded to the motion (Court File No. 234). For the reasons stated below, the Court will **DENY** Defendant's motion.

**I.     STANDARD OF REVIEW**

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution guarantees that no person will "be subject for the same offense to be twice put in jeopardy of life or limb." This right ensures that a person is protected against a second prosecution for the same offense after acquittal or conviction and multiple punishments for the same offense. *United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991). Jeopardy does not attach until "the defendant is put

to trial before the trier of facts." *United States v. Jorn*, 400 U.S. 470, 479 (1971).

Charging a person with a single offense in more than one count, multiplicity, runs afoul of Federal Rule of Criminal Procedure 8. Rule 8 governs joinder of offenses and defendants. *United States v. Hairrell*, 521 F.2d 1264, 1266 (6th Cir. 1975); *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991). Multiplicity is largely a matter of Congressional intent. Unlike a constitutional defect, a defect relating to multiplicity is waived if not objected to before trial. Fed.R.Crim.P. 12(b)(2). Unlike the constitutional prohibition of subjecting someone to possible punishment when they have already been placed in jeopardy, the critical concern in multiplicity stems from the risk it may subject a person to multiple sentences for a single offense and the danger of unduly prejudicing the fact finder by giving the false impression the defendant has committed several offenses where only one has been committed. *Langford*, 946 F.2d at 802; *United States v. Gressett*, 773 F. Supp. 270, 280, (D.Kan. 1991). There is some overlap between Double Jeopardy and multiplicity but the concepts are distinct and separate.

Under both concepts the key case authority is *Blockburger v. United States*, 284 U.S. 299, 302 (1932). *Blockburger* provides the test to determine whether there are two different offenses chargeable that stem from the same criminal conduct. The *Blockburger* "same elements test" of double jeopardy asks whether each offense contains an element not contained in the other, and a defendant will be considered placed in double jeopardy only if every violation of one statute entails a violation of another. *United States v. Forman*, 180 F.3d 766, 768 (6th Cir. 1999). In applying the *Blockburger* test for analyzing the elements of two crimes to determine if Congress intended multiple punishments for the same act, the court focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure

a conviction; if each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. *United States v. DeCarlo*, 4343 F.3d 447, 455 (6th Cir. 2006)(citing *United States v. Barrett*, 933 F.2d 355, 360-61 (6th Cir. 1991). This is true even when conduct prohibited by one statute also includes or overlaps conduct prohibited by a different statute, as long as the Court concludes that Congress intended for a defendant to be punished cumulatively. See, e.g., *Johnson*, 22 F.3d at 108; *Gibbons*, 994 F.2d at 302.

In determining whether there is multiplicity in an indictment, the "decisive criteria are legislative intent and separate proof." *United States v. Damrah*, 412 F.3d 618 (6th Cir. 2005). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, *United States v. Wiltberger*, 18 U.S. 76, 5 Wheat. 76, 93, 5 L.Ed. 37 (1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *United States v. Parr,* 741 F.2d 878, 880 (6th Cir. 1984) (quoting *Ohio v. Johnson*, 467 U.S. 493 (1984)). "In the federal courts the test established in *Blockburger v. United States*,. . ., ordinarily determines whether the crimes are indeed separate and whether cumulative punishments may be imposed." *Id.* A defendant may be charged with multiple offenses based on the same underlying conduct as long as each offense requires proof of an element not required by the other. *United States v. Kelly*, 204 F.3d 652, 656 (6th Cir. 2000) (rejecting an argument that an indictment was multiplicitous because the acts which formed the basis for one count were the same acts which formed the basis for another count) (referencing *Blockburger*, 284 U.S. at 304). However, it is important to note *Blockburger* does not always control the statutory construction issue. *Parr,* 741 F.2d at 880. In *Simpson v. United States*, 435 U.S. 6 (1978), the United States

3

Supreme Court decided it "need not reach the [*Blockburger*] issue" because the threshold question is "whether Congress intended to subject the defendant to multiple penalties for the single criminal transaction in which he engaged." *Id.* (citing *Simpson*, 435 U.S. at 11-12).

II.  **RELEVANT FACTS AND PROCEDURAL HISTORY**

On October 13, 2004, Defendant was indicted in a four-count indictment and charged with: (1) carjacking resulting in death (18 U.S.C. §§ 2119(3) and 2(a) and (b)) in Count One; (2) firearms murder during and in relation to carjacking (18 U.S.C. §§ 924(j)(1) and 2(a) and (b)) in Count Two; (3) kidnapping resulting in death (18 U.S.C. §§ 1201(a)(1) and 2(a) and (b)) in Count Three; and (4) firearms murder during and in relation to kidnapping of one alleged victim, Guy Luck (18 U.S.C. §§ 924(j)(1) and 2(a) and (b)) in Count Four (Court File No. 1). The grand jury alleged several sentencing allegations in contemplation of the death penalty. The government subsequently filed a notice of intent to seek the death penalty on June 1, 2006 against Defendant, alleging various statutory and non-statutory aggravating factors and facts and evidence which support those aggravators as a basis for seeking the death penalty. Defendant's trial has not started as of yet so he has not been placed in jeopardy.

III.  **DISCUSSION**

**Double Jeopardy**

Congress has clearly indicated its intent to punish cumulatively violations of 18 U.S.C. §§ 2119 and 924(j), as well as 18 U.S.C. §§ 1201 and 924(j). *United States v. Johnson*, 22 F.3d 106, 108 (6th Cir. 1994)(no double jeopardy violation for prosecuting carjacking and 18 U.S.C. Section

4

924(c)); *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993), cert. denied, 510 U.S. 872 (1993)(no double jeopardy violation for prosecuting drug trafficking and 18 U.S.C. Section 924(c)); *United States v. Sturman*, 951 F.2d 1466, 1488 (6th Cir. 1991). As such, there is no double jeopardy violation in either charging Defendant with carjacking and 18 U.S.C. § 924(c) or charging Defendant with kidnapping and 18 U.S.C. § 924(c). Further, based upon the face of the indictment and the elements of each offense, the charges alleged in the indictment pass the *Blockburger* test. *Blockburger* and its progeny do not prohibit multiple convictions and punishments for the 924(j) counts (Counts Two and Four) and the underlying crimes of violence (Counts One and Three).[1] *Johnson*, 22 F.3d at 108 ("[18 U.S.C.] Section 924(c) includes or overlaps the conduct proscribed in [18 U.S.C.] § 2119 but requires courts to utilize a separate and distinct punishment technique (mandatory imprisonment for an additional term) in order to ensure that such offenders receive a harsher punishment").

Further, the Court notes each underlying violent offense charged in Counts One and Three requires proof of an element which the other does not. Count One of the Indictment, carjacking resulting in death, requires the government prove each of the following elements: (1) Defendant took a motor vehicle from another person; (2) while taking or attempting to take the motor vehicle, Defendant intended to cause the death of or cause serious bodily harm to that other person; (3) the motor vehicle had previously crossed state lines; (4) Defendant took the motor vehicle by the use of force and violence or intimidation; and (5) in committing the offense, Defendant caused the death of another. 18 U.S.C. §§ 2119(3) and 2(a) and (b). Count Three of the Indictment, kidnapping resulting in death, requires the government prove each of the following elements: (1) Defendant

---

[1]Section 924(j) explicitly incorporates the elements of § 924(c) within the statute.

knowingly and wilfully seized, confined, kidnapped, abducted or carried away the person named in the indictment, that is, Guy Jean Luck; (2) Mr. Guy Jean Luck was thereafter transported in interstate commerce while so seized, confined, kidnapped or abducted; (3) such seizure and transportation was without Mr. Guy Jean Luck's consent; (4) Defendant held Mr. Luck for ransom, reward, or other benefit or reason; an (5) in committing the offense, Defendant caused the death of another, specifically Guy Jean Luck.  18 U.S.C. §§ 1201(a)(1) and 2(a) and (b).  As the listed elements of each offense show, the separate crimes charged in Counts One and Three of the Indictment require proof of different facts.  Therefore, the *Blockburger* test is satisfied as to all four counts of the Indictment, notwithstanding a substantial overlap in the proof offered to establish the crimes.

### **Multiplicity**

In addition to the Double Jeopardy argument, Defendant also seeks an election on the part of the Government of which of the four counts it will proceed to trial.  Although not styled as such, this in essence seeks dismissal of three counts of the indictment based upon claimed multiplicity. The Court notes dismissal of the counts is not appropriate even if there is multiplicity if the defect can be cured by other means.  *Milanovich v. United States,* 365 U.S. 551, 555 (1961); *United States v. Brandom,* 320 F.Supp. 520, 525 (W.D. Mo. 1970).   It is also appropriate to postpone a decision on the question until the conclusion of the trial.  *United States v. Saporta*, 270 F.Supp. 183, 187 (E.D.N.Y. 1967).

Several alternatives to dismissal readily come to mind.  First, assuming the Court determines there is a multiplicity problem, the Court could instruct the jury to only render a decision upon some but not all of the charged counts.  Further, again assuming the Court determine there is a multiplicity

6

problem, the Court could instruct the jury if it determine Defendant was guilty on all counts, to only issue a verdict on some but not all of the counts. Last, the Court could simply merge the offending counts so that punishment would only be rendered on the non-offending count or counts. All of these remedies argue against dismissal of the counts.

Moreover, considering the challenged counts of the Indictment, the evident Congressional intent, and the *Blockburger* rule, the Court is not persuaded the Indictment is multiplicitous. As discussed above, there are elements in each count which are not found in the other counts. Obviously, there is some overlap. That is not uncommon in violent crime cases where one course of conduct gives rise to several different charged offenses. United States v. Narcia, 776 F. Supp. 491, 495-96 (D. Ariz. 1991).

## IV. CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's motion (Court File No. 178).

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**