UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-160 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| REJON TAYLOR ) | |

**MEMORANDUM**

Before the Court are Defendant Rejon Taylor's ("Defendant") "Motion for Extension in Deadlines to Disclose Information on Experts, Request *Daubert* Hearing, and File Motions Requiring the Assistance of Experts" and "Motion for Continuance of the Trial Until a Later Date" (Court File Nos. 302-1, 306, 311). Defendant filed several affidavits and a memorandum in support of each motion (Court File Nos. 303, 307). The government has no objection to either motion (Court File Nos. 312, 317). For the reasons stated below, the Court will **GRANT** Defendant's motions.

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

This is a case in which the Government seeks the death penalty. The indictment was returned on October 13, 2004. Because of the different nature of the case and the additional and different responsibilities placed on counsel for both the Government and Defendant, the Court early on held a Management Conference (Court File No. 57, December 10, 2004). At the Management Conference the Court explained why it was necessary to devote more attention to the management of this case. The Court also explained because of the anticipated length of the trial and the complexity of the issues involved, it would be necessary to schedule the case for a time where the

case could be tried without interruption. The Court estimated that a reasonable trial setting would be at least six months from the date of the Management Conference. After the Management Conference, the Court issued a Management Order (Court File No.57) which incorporated the agreed upon resolution of the matters discussed. At the request of Defendant the Management Order was revised on May 13, 2005 (Court File No. 104).

On June 27, 2006, the Court conducted the typical scheduling conference. At this conference the Court again expressed its view the trial should be set at a time where it could proceed without interruption. The Court also explained that because of the Court's docket, locating such a time would require setting the case at least six or more months from the date of the conference. The Court solicited the positions of the parties. Taking into consideration the positions of the parties and their preferred dates, the Court set all pretrial deadlines, as well as a trial date of February 5, 2007 (Court File No. 131).

Although the Court had set these dates with the approval and at the suggestions of the parties, Defendant filed a motion for an extension of time to disclose the nature and substance of experts' reports, the deadline for notice regarding the necessity of a *Daubert* hearing, and for all pre-trial motions which required the assistance of experts (collectively, "the expert deadlines"). The Court granted Defendant's motion on September 19, 2006 (Court File No. 189). The Court left the dates open, pending the United States Court of Appeals for the Sixth Circuit's (the "Sixth Circuit") approval of the defense budget request. At that time, the Court denied Defendant's request for a continuance of the trial date.

On November 14, 2006, the Court filed under seal the Sixth Circuit's Ex Parte Order approving in part and denying in part the defense budget request (Court File No. 294). The Sixth Circuit's Order approved funds for five of the requested experts and denied funds for three of the

requested experts. Defendant asserts the services of the three experts denied by the Sixth Circuit are "essential to providing [Defendant] with an adequate defense" and Defendant is currently "obtaining documentation to support a motion to the" Sixth Circuit, asking the Sixth Circuit "to reconsider its decision to deny those experts." (Court File No. 302-1 at 2).

Counsel for Defendant represents that prior to the approval of the budget, Defendant had received money for and had retained a firearms expert and a fingerprint expert. Defendant states the fingerprint expert's work is "essentially complete," but the firearms expert's work "cannot be completed until he receives input from one of the other experts, who is just now being hired." (Id.) Defendant's counsel has made efforts to contact the experts it could not previously afford to retain and to provide the experts with the evidence they need to begin their work. However, some of the evidence needed by the experts is not in Defendant's possession and must be released by the Tennessee Bureau of Investigation (Court File No. 302-1, referencing AUSA Neff's letter to Tennessee Bureau of Investigation at 302-2).

In support of Defendant's argument to extend the expert deadlines, Defendant maintains the experts Defendant was authorized to retain as of November 14, 2006 cannot complete their work in time for the defense to meet the December 8, 2006 expert testimony disclosure deadline. As one example of this impossibility, Defendant attached to his memorandum in support of his motion to continue trial date, the affidavit of Mitigation Expert Dr. Martha T. Loring ("Loring"), a licensed clinical social worker and sociologist in Atlanta, Georgia (Court File No. 307-2). In her affidavit, Loring states:

> In the Rejon Taylor case, I would need at least six months (to complete mitigation work) from the time at which I was notified that my participation had been approved and funded. This would allow me to conduct appropriate interviews, obtain relevant documents, and conduct interviews with Mr. Rejon Taylor in order to get information regarding additional relevant and necessary interviews and documents.

(Court File No. 307-2). Assuming Loring was hired on the day Defendant learned of the Sixth Circuit's decision on the budget (November 14, 2006), and further assuming Loring is accurate in her assessment, Loring would not be able to complete her work until mid-May 2007 at the earliest.

Further, Defendant's counsel states they cannot provide effective assistance of counsel without the assistance of experts the Sixth Circuit has denied (Court File Nos. 302-1 at 4, 307-1 at 1, 307-3 at 2 (Aff. of Attorney William Ortwein), 307-4 at 2 (Aff. of Attorney Howell Clements)). As a result, Defendant's counsel contends the expert deadlines and trial date should be continued until the Sixth Circuit has reconsidered Defendant's budget request. To keep the Court updated and informed on the progress of Defendant's experts, Defendant's counsel has offered to provide the Court with an *ex parte* update every 15 days (Court File No. 302-1 at 4).

Defendant asserts none of the grounds set forth as reasons for needing a continuance is the result of delay by Defendant. Finally, Defendant submitted a signed statement which reads:

> I understand my attorneys are asking the court to delay my trial so they can obtain experts to defend me at sentencing I would urge the Court to do so and waive any rights or objections I may have to trial on February 5, 2007.

(Court File No. 307-5). Defendant's counsel request an oral hearing "[d]ue to the critical importance" of this motion (Court File No. 307-1 at 2).

## II.  DISCUSSION

Obviously, this motion complicates the Court's anticipated handling of this case immensely. During the scheduling conference held by the Court in June 2006, the Court discussed each and every date with counsel to ensure the dates would be suitable for all parties and would afford an adequate amount of time for preparation. As the Court recalls each date was at the suggestion of the parties. The Court understands the problem presented by the recent approval of the budget. Perhaps

as a result of wishful thinking, the Court attempted to accommodate Defendant while at the same time trying to save the trial date as scheduled. The Court provided new dates for the expert and indicated it would exercise leniency with late hired experts (Court File No. 299). This was not adequate to address Defendant's concerns. According to the affidavits submitted by Defendant's counsel, it is literally impossible for Defendant's experts to complete the work necessary in time to meet the expert deadlines set by the Court. Accepting counsel's representations then it is clear Defendant cannot meet the current expert deadlines. This would require Defendant to proceed to trial without the assistance of its experts or requires the Court to continue the February 5, 2007 trial date, even though this imposes a great hardship upon the Court.

One final matter merits discussion. Defendant indicates he intends to file a motion for reconsideration with the Sixth Circuit because Defendant's counsel does not believe they can provide effective assistance of counsel without the services of the experts denied without explanation by the Sixth Circuit. Defendant's own signed-statement indicates he wishes to postpone the trial so his attorneys can obtain the necessary experts to defend him at the sentencing phase (Court File No. 307-5). Defendant's counsel wishes to leave the expert deadlines and the trial dates "open" until the Sixth Circuit makes a decision on Defendant's motion to reconsider its November 14, 2006 decision on Defendant's budget request.

The Court strongly encourages the parties to file all expert disclosures and expert-assisted motions as early as possible. Since parties usually do not file motions until a deadline is set, generally, the Court does not prefer to leave dates "open." However, Defendant has offered to regularly update the Court as to the progress of his experts (Court File No. 302-1 at ¶ 9). Further, it is impossible for the Court to determine the length of time necessary for the Sixth Circuit to reconsider its prior decision regarding Defendant's budget or whether it will even entertain such a

motion.

With these issues still unresolved, the Court makes a finding, pursuant to the Speedy Trail Act, 18 U.S.C. § 3161, that the ends of justice are served by granting a continuance of the trial in this case. Giving that Defendant is facing the death penalty, the Court finds the public interest is better served by affording counsel sufficient time to explore all reasonable options regarding obtaining expert assistance.

### III. CONCLUSION

For the reasons stated above, and in light of the Government having no objection, the Court will **GRANT** Defendant's "Motion for Extension in Deadlines to Disclose Information on Experts, Request *Daubert* Hearing, and File Motions Requiring the Assistance of Experts" and "Motion for Continuance of the Trial Until a Later Date" (Court File Nos. 302-1, 306, 311).

The Court will hold a scheduling/status conference in this case on **February 5, 2007 at 10:00 am**. At the scheduling/status conference counsel should be prepared to discuss possible trial dates in early to mid 2008. Counsel should have their calendars with them and should have selected time periods where they can devote a solid four weeks to this case without interruption. At the scheduling/status conference counsel should also be prepared to discuss necessary deadlines with respect to experts.

The Court accepts Defendant's offer and will **ORDER** Defendant's counsel to file, on the the final day of each month, an *ex parte* update informing the Court of the status of the Defendant's experts' work until the new expert deadlines are set.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**