UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 1:04-CR-160 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| REJON TAYLOR | ) | |

# ORDER

Before the Court is Defendant Rejon Taylor's ("Defendant") "Motion for Copy of Presentence Reports of Any Witnesses Called by the United States" (Court File No. 225). Defendant filed a memorandum in support of the motion (Court File No. 226) and the government responded to the motion (Court File No. 295). For the reasons stated below, the Court **DENIES** Defendant's motion.

The title of the motion requests the Court to order the government to disclose the Presentence Investigation Reports ("PSRs") of "any witnesses," but the memorandum specifically mentions the PSRs of co-defendants Sir Jack Matthews and Joey Marshall. Citing *Brady v. Maryland*, 373 U.S. 83 (1963), Defendant states the "Due Process Clause of the United States Constitution" demands any impeachment or exculpatory information contained within the PSRs be provided to defense counsel. In the alternative, Defendant requests the Court to review the PSRs *in camera* and determine if they contain exculpatory information. In its response, the government objected to Defendant's request to be supplied a copy the PSRs. The government stated it "has met its *Brady* obligations and will continue to do so." (Court File No 295 at 2). The government further supplied no objection to the Court's reviewing the PSRs *in camera* and determining if they contain

exculpatory information.

Defendant's argument incorrectly assumes the PSR of a defendant is the property of the government and is, therefore, subject to *Brady* disclosure obligations. On the contrary, a defendant's PSR is prepared by a division of the Court, the United States Probation Office, for the Court's use in determining a reasonable sentence. A defendant's PSR is strictly confidential for a number of reasons. A PSR contains extremely personal information about a defendant's background and family. Should it become the practice to disclose PSRs to others, it is unlikely defendants would share this personal information. This would result in the Court having less information and less accurate information to use in imposing an appropriate sentence. This would be harmful to the administration of justice. A PSR also contains information regarding a defendant's cooperation with the government which may or may not be relevant to the case before the Court in which the defendant is being sentenced. As such, there is no reason the PSRs of co-defendants Sir Jack Matthews and Joey Marshall, or the PSRs of *any* witnesses called by the government, should be turned over to Defendant.

Should the Court become aware of any evidence from any source relating to the guilt or innocence of Defendant, the Court will certainly consider disclosing the information to the government and to Defendant. The Court would do so not because it is under any obligation, but because that is the decent and humane thing to do. Accordingly, the Court **DENIES** Defendant's "Motion for Copy of Presentence Reports of Any Witnesses Called by the United States" (Court File No. 225).

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**