# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 1:04-cr-160 |
| ) | Judges Collier/Carter |
| ) | |
| REJON TAYLOR ) | |

## REPORT AND RECOMMENDATION

### Introduction

The United States of America (hereinafter referred to as "the Government"), by counsel, has filed a Motion for Pre-Trial Psychiatric Examination pursuant to Title 18, U.S.C. §§ 4241(a) and 4242(a) and FED. R. CRIM. P. l2.2(c), seeking a pre-trial psychiatric examination of the defendant to determine whether he was insane at the time of the offenses alleged in the indictment pending against the defendant, and is competent to stand trial (Doc. 434). Defendant has filed a response in opposition (Doc. 440). Defendant also moves to Strike the Government's Motion for Mental Evaluation (Doc. 441). Because the action recommended in this Report and Recommendation has the effect of limiting trial witnesses before the District Court, I conclude it should be entered as a Report and Recommendation rather than a Memorandum and Order.

On November 20, 2007, the Court conducted a hearing on the motions. Present for the hearing were the Defendant, Rejon Taylor, and counsel for defendant: Bill Ortwein, Lee Ortwein, Leslie Cory and Howell Clements. The Government was represented by Asst. United States Attorneys Chris Poole and Steve Neff. After hearing argument of counsel and considering the briefs filed by the parties, the undersigned will RECOMMEND the Government's Motion for

1

Pre-Trial Psychiatric Examination be GRANTED IN PART and DENIED IN PART (Doc. 434) and the Defendant's Motion to Strike (Doc. 441) be DENIED.

**Analysis**

On April 10, 2007, the Court entered a Revised Scheduling Order (Doc. 380). The order provides: "If the Government wishes to request an independent evaluation of Defendant's mental health, the Government must notify the Court and the Defendant by **Monday, September 17, 2007.** If Defendant intends to raise Defendant's mental health as a defense or mitigating circumstance at trial, Defendant must notify this Court and the Government by **Friday, November 2, 2007** (Bold in the original).

The Defendant actually filed two notices of intent to use mental health experts. In the first filing on September 10, 2007, notice was given that Psychologist David Solovey interviewed Defendant and members of his family and administered various psychological tests. This Supplement to Defendant Taylor's Notice of Experts provides notice that he (Solovey) will testify as to Defendant's psychological status relative to the commission of the alleged offense and his behavior while incarcerated as well as provide testimony regarding mitigation factors. The notice also states that Dr. Solovey will **not** testify that Defendant is incompetent to stand trial, is mentally retarded, or meets the legal test of insanity (emphasis added) (Doc. 418). In a later notice filed November, 1, 2007, (within the time allowed by the scheduling order) Defendant notifies the Government of its intent to call Dr. David Solovey, Dr. Marti Loring and/or Dr. Mark Cunningham to potentially offer evidence concerning frontal lobe development and its impact upon the defendant (Document No. 427).

Defendant opposes the Motion for Pre-Trial Examination because it was filed out-of-time

2

and because the issues bear on mitigation at the penalty phase of the trial and are not guilt/innocence issues (Doc. 440). Defendant also moves to Strike the Government's Motion for Pre-Trial Psychiatric Examination because it was filed out-of-time (Doc. 441).

In it's reply the Government concedes the Revised Scheduling Order in this case states if the Government wishes to request an independent evaluation of the Defendant's mental health the Government was to notify the Court by September 17, 2007, which the Government did not do.

FED. R. CRIM. P. 12.2 sets forth the rules relating to the granting of mental examinations:

**Rule 12.2. Notice of an Insanity Defense; Mental Examination**

**(a) Notice of an Insanity Defense**. A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

**(b) Notice of Expert Evidence of a Mental Condition**. If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must--within the time provided for filing a pretrial motion or at any later time the court sets--notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

**(c) Mental Examination.**

**(1) Authority to Order an Examination; Procedures**.

**(A)** The court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241**.**
**(B)** If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242**. If the defendant provides**

3

notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

**(2) Disclosing Results and Reports of Capital Sentencing Examination.** The results and reports of any examination conducted solely under Rule 12.2(c)(1) after notice under Rule 12.2(b)(2) must be sealed and must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.

**(3) Disclosing Results and Reports of the Defendant's Expert Examination**. After disclosure under Rule 12.2(c)(2) of the results and reports of the government's examination, the defendant must disclose to the government the results and reports of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence.

**(4) Inadmissibility of a Defendant's Statements**. No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:

**(A)** has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or

**(B)** has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

**(d) Failure to Comply.**

**(1) Failure to Give Notice or to Submit to Examination**. The court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt or the issue of punishment in a capital case if the defendant fails to:

**(A)** give notice under Rule 12.2(b); or

**(B)** submit to an examination when ordered under Rule 12.2(c).

**(2) Failure to Disclose**. The court may exclude any expert evidence for which the defendant has failed to comply with the disclosure requirement of Rule 12.2(c)(3).

**(e) Inadmissibility of Withdrawn Intention.** Evidence of an intention as to which notice was given under Rule 12.2(a) or (b), later withdrawn, is not, in any civil or criminal proceeding, admissible against the person who gave notice of the intention.

On November 1, 2007, the Defendant filed a Notice (their second notice) that Defendant may Introduce Evidence Respecting his Mental Health (Doc. 427). Based on this filing, on November 7, 2007, the Government requested a mental evaluation of the defendant taking the position it was unclear by the Defendant's filing if he was asserting an insanity defense. Therefore, the Government filed the request for a mental evaluation as if the Defendant filed his notice pursuant to FED. R. CRIM. P.12.2(a). Pursuant to FED. R. CRIM. P. 12.2(c)(1)(B) and U.S.C. § 4242(a), upon a request in response to the defendant's notice of an insanity defense, the Government would be entitled to a court-ordered psychiatric examination of the defendant in order to determine whether or not he was insane at the time of the alleged offenses. However, the Defendant, through counsel, and by virtue of the first notice relating to the calling of Dr. Solovey, has made it clear Defendant does not intend to pursue an insanity or mental defect defense, but, rather, intends to present proof of the Defendant's mental state as mitigation at sentencing should such a need arise (Doc. 442). The Government nevertheless persists in its request, noting that pursuant to FED. R. CRIM. P. 12.2(c)(1)(B), the Court may grant such a request, but does not have to do so. The Government further submits and concedes pursuant to FED. R. CRIM. P. 12.2(c)(2) that the Government would not be able to see the results of any such examination, if the request is granted, unless the defendant is found guilty of a capital crime, and the defendant confirms his intent to offer expert evidence on his mental condition at sentencing.

The Government bases its request on fundamental fairness while specifically conceding their motion was filed out-of-time. The Government notes they should have previously objected to the Revised Scheduling Order because under the express provisions of the order, the Defendant could provide notice of intent to raise the Defendant's mental health as a defense or mitigating

circumstance weeks after the Government was permitted to ask for a mental evaluation. The Government also concedes that on September 10, 2007, the defense in its "Supplement to Defendant Taylor's Notice of Experts" did provide notice of an expert witness who would testify about the Defendant's "psychological status relative to the commission of the alleged offense." (Doc. 418).

The Government argues the fact the Defendant filed a totally separate "Notice that Defendant May Introduce Evidence Respecting his Mental Health" on November 1, 2007, (Doc. 427), is an indication this earlier notice related to experts was not necessarily a clear notice of the Defendant's intention to mount a mental defense. However, I cannot see how it can be argued, based on the clear language of the September 9, 2007, notice that it fails to provide fair notice of an intent to raise psychological issues in the sentencing phase of the trial.

In any event, the Government concedes in it's reply (Doc. 449) it should have filed its request in response to the Defendant's September 10, 2007, notice of experts and did not. Furthermore, the Government clearly states it does not want to jeopardize the current trial date of April 7, 2008. However, based on the principles of fundamental fairness, if the Government can conduct its own mental evaluation of the Defendant without jeopardizing the trial date, the Government requests that the Court allow it to do so. The Government also suggests it might accomplish this by having a doctor examine the Defendant here in Chattanooga as opposed to sending the Defendant to a medical facility for an examination.

Defendant, on the other hand, suggests that the best way to address the Government's concerns is to have the Government retain an expert to be in the courtroom during the trial and/or guilt innocence hearing to offer aid to the Government in cross-examination of witnesses on the

6

limited issues Defendant intends to raise in the defense of his case. In support of his position, Defendant relies on *United States v. Davis*, 93 F.3d 1286 (6th Cir. 1996) in which the court in a detailed analysis of the issue concluded that the district court lacked the authority under the rule to order a mental examination of a defendant who provided notice of an intent to offer evidence only on a defense of diminished capacity. However, the Fifth Circuit in *United States v. Hall*, 152 F. 3d 381 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1767 (1999) took a different approach. In *Hall* the court rejected the argument that the district court erred in conditioning his right to present psychiatric evidence in mitigation of punishment upon defendant's submission to a government psychiatric examination prior to trial. In reaching this conclusion the court in *Hall* noted:

> This court has long recognized that "a defendant who puts his mental state at issue with psychological evidence may not then use the Fifth Amendment to bar the state from rebutting in kind." *Schneider v. Lynaugh*, 835 F.2d 570, 575 (5th Cir. 11988). This rule rests upon the premise that "[i]t is unfair and improper to allow a defendant to introduce favorable psychological testimony and then prevent the prosecution from resorting to the most effective and in most instances the only means of rebuttal: other psychological testimony." *id* at 576.

The *Davis* and *Hall* cases predate an amendment to FED. R. CRIM. P. 12.2 (c), which amendment clarifies that the authority of a court to order a mental examination under Rule 12.2(c)(1)(B) extends to those cases when the defendant has provided notice, under Rule 12.2(b), of an intent to present expert testimony on the defendant's mental condition, either on the merits or at capital sentencing. This issue of whether the court can allow the examination has been effectively resolved by amendment to Rule 12.2(c) which now specifically provides that the court may, upon the government's motion, order a defendant to be examined under procedures ordered by the court. The issue before me is whether the examination should be allowed when the Government has failed to comply with the express order of the Court with respect to the timely

filing of the motion. It seems that it would be unfair to not let the Government have assistance of an expert to counter the expert or experts to be called by Defendant. However, one available option suggested by the defense is to allow the Government to have experts available at trial and sentencing to provide them with assistance in cross-examination. This is, of course, something less effective than allowing a full examination of the Defendant as the Government requests.

This is a Capital case. The trial is set for April 7, 2008, the Final Pre-Trial Conference for March 14, 2008, and a Jury Selection Procedures Conference for Monday, January 14, 2008. There appear to be four possible ways to resolve this dispute: (1) deny the motion because it is out-of-time, (2) grant the motion at the risk of causing a continuance and facing the problems that would arise if the Defendant was sent for an evaluation at a location far from the court and the attorneys working on trial preparation, just prior to the trial of the case, (3) grant the motion only to the extent that the Government would be allowed to retain experts to advise during the trial without the benefit of any evaluation, or (4) grant the motion only to the extent that the evaluation can be completed locally,

I conclude that the Government's motion was out-of-time because it was filed after the final date ordered by the District Judge. The notice filed by Defendant indicating he would rely on expert testimony from Psychologist David Solovey was adequate notice to the Government that they should have made an immediate request for a mental evaluation which would have then been timely. Balancing the equities and considering the importance of this case, I conclude that the proper resolution is to grant the Government's motion in part, only to the extent that it will not cause any delay of the trial. The Government may retain experts to assist it during the trial and sentencing phase. They may be present during the trial to advise on issues of cross-examination

and will be allowed to testify as expert witnesses subject to all rules related to admissibility of expert testimony (option 3). The Government may also have Defendant Taylor evaluated locally so long as they are able to arrange for the evaluation in such a way that it will not cause a continuance of the presently set trial date and only to the extent that it will not require the Defendant to be transported from the immediate area (option 4). In this way, Defendant will continue to have access to counsel during the important final days of pretrial preparation. The evaluation shall not deal with issues of sanity at the time of the offense or competence but only those issues raised by Defendant in the notices filed with the Court. The results of any examination shall be sealed and must not be disclosed to any attorney for the Government or the Defendant unless the Defendant is found guilty of one or more capital crimes and the Defendant confirms an intent to offer during the sentencing proceeding expert evidence on his mental condition pursuant to FED. R. CRIM. P. 12.2(c)(2).

**Conclusion**

Accordingly, for the reasons stated herein, it is RECOMMENDED the Government's Motion for Pre-Trial Psychiatric Examination be GRANTED IN PART and DENIED IN PART (Doc. 434) and the Defendant's Motion to Strike (Doc. 441) be DENIED.[1]

Dated: December 5, 2007         s/William B. Mitchell Carter
                                UNITED STATES MAGISTRATE JUDGE

---

[1] .Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).