UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | No. 1:04-CR-160 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| REJON TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Before the Court is Defendant Rejon Taylor's motion to strike a portion of the amended superseding notice of intent to seek the death penalty (Court File No. 554). Specifically, Defendant seeks to strike portions of the notice concerning the effect of the victim's death on friends and employees. After Defendant raised the issue, the Court ordered the parties to submit further briefs addressing the government's proposed victim impact evidence (Court File No. 580). Having reviewed the parties' briefs (Court Files No. 582, 583) and the applicable law, the Court will **DENY** Defendant's motion to strike (Court File No. 554).

## I. RELEVANT FACTS

A superseding indictment (Court File No. 447) charges Defendant with:

(1) Carjacking Resulting in Death, in violation of 18 U.S.C. §§ 2119(3) and 2(a) and (b);

(2) Firearms Murder During and in Relation to Carjacking, 18 U.S.C. §§ 924(j)(1) and 2(a) and (b);

(3) Kidnapping Resulting in Death, 18 U.S.C. §§ 1201(a)(1) and 2(a) and (b); and

(4) Firearms Murder During and in Relation to Kidnapping, 18 U.S.C. §§ 924(j)(1) and 2(a) and (b).

The United States filed a notice of intent to seek the death penalty (Court File No. 123), a superseding notice of intent (Court File No. 511), and an amended superseding notice of intent (Court File No. 547). The amended notice includes a section on victim impact evidence, which expresses the government's intent to "present information concerning the effect of the offenses on Guy Luke, his family, friends, and employees, which will include evidence and testimony that describes in detail the extent and scope of the injury and loss suffered by Guy Luke, his family and friends, and any other relevant information."[1] Specifically, as the government clarified at the Court's request, the government intends to present the testimony of a close friend and co-worker of the victim, Guy Luck. The government described the witness as the daughter of an individual who previously dated Luck for some time and has known him from a very early age. The government hopes the witness's testimony will give the jury a glimpse of the victim's personality and the life he led.

## II. DISCUSSION

The parties disagree about whether the Federal Death Penalty Act, 18 U.S.C. §§ 3591-3598, permits the admission of the government's intended victim impact evidence. The dispute arises over the interpretation of § 3593(a), which requires the government to provide notice if it intends to seek a sentence of death. That notice must contain the aggravating factor or factors the government

---

[1] The victim's name is actually Guy Luck. The government acknowledges it mistakenly misspelled his name in the notice (Court File No. 556, p. 5 n.1).

believes justify a death sentence. § 3592(a)(2).

> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information.

*Id.*

Defendant argues § 3593(a)(2) specifically limits victim impact testimony to that concerning the effects of the offense on the victim and the victim's family. Therefore, Defendant contends, it would be improper for the Court to allow the admission of victim impact testimony from a friend and coworker of the victim. The government argues that § 3593(a)(2), when read together with § 3593(c), authorizes the Court to allow the admission of victim impact testimony from a close friend. Section 3593(c) provides, "The government may present any information relevant to an aggravating factor for which notice has been provided under subsection (a)."

In concluding that 18 U.S.C. § 3593(a)(2) permits victim impact testimony from the victim's close friend, the Court interprets the phrases "may include" and "any other relevant information" to suggest Congress intended to permit the admission of any relevant evidence concerning the effects of the offense on the victim and the victim's family. The phrase "may include" is used on two occasions in § 3593(a)(2). The first use of the phrase occurs in the portion of the statute stating, "The factors for which notice is provided . . . may include factors concerning the effect on the victim and the victim's family." 18 U.S.C. § 3593(a)(2). As noted in *United States v. Barrett*, 496 F.3d 1079, 1099 (10th Cir. 2007), this portion of the statute "expressly indicates that a victim impact statement may identify the victim and outline the extent and scope of the injury and loss suffered by the victim and his family." It does not, as Defendant suggests, limit *who* may provide the victim

3

impact statements. Rather, it simply limits the content of the statement to evidence concerning the victim and the "extent and scope of the injury and loss suffered by the victim and his family." Furthermore, the second use of the phrase "may include" with the phrase "any other relevant information" suggests that Congress did not intend for § 3593(a)(2) to be an exhaustive list of ways to present such information, but only intended it to give examples of the types of information that may be presented.

The testimony of a close friend and co-worker would likely concern the effect of the offense on the victim and the victim's family, as contemplated by § 3592(a). Section 3593(c) provides additional support to this interpretation, as it permits the government to "present any information relevant to an aggravating factor for which notice has been provided." Therefore, it would be proper to admit victim impact testimony from the victim's friend and co-worker in order to identify the victim and outline the extent and scope of the injury and loss suffered by the victim and his family.

This decision is in line with the decisions of other courts. Although the United States Court of Appeals for the Sixth Circuit has not had the opportunity to decide this issue, several other appellate courts have faced this issue and allowed this type of testimony. For example, in *Barrett*, the Tenth Circuit affirmed the admission of testimony from longtime friends and co-workers of the victim concerning the victim's personality and the life he led. *Barrett,* 496 F.3d at 1099.[2] Likewise,

---

[2]Two of the victim impact witnesses in *Barrett* had been coworkers of the deceased. 496 F.3d at 1099. However, the co-workers were also friends of the deceased. *See id.* (describing one witness as "a longtime friend" and noting the other described the decedent's personal characteristics). A year after the Tenth Circuit decided *Barrett*, it issued an opinion in *United States v. Fields* reaffirming that the testimony of a victim's friends is admissible, but refusing to allow the testimony of coworkers and community members of a victim. 516 F.3d 923, 947 (10th Cir. 2008). The *Fields* court noted the difference between friends who happened to work with the victim, as in *Barrett*, and people who are merely coworkers. *Id.* Likewise, in this case, based on the government's description, it appears the victim impact witness qualifies as a friend. Her additional

4

in *United States v. Bernard*, 299 F.3d 467, 478 (5th Cir. 2002), the Fifth Circuit noted that the testimony of a friend and coworker was not qualitatively different than family member testimony. Additionally, several other appellate courts have allowed this type of testimony. *United States v. Nelson*, 347 F.3d 701, 713-714 (8th Cir. 2003) (witnesses included neighbors and friends); *United States v. Battle*, 173 F.3d 1343 (11th Cir. 1999) (testimony from three colleagues).

Allowing victim impact testimony from the victim's close friend and co-worker is in accord with the reasoning used by the Supreme Court when it originally authorized the use of victim impact evidence in *Payne v. Tennessee*, 501 U.S. 808 (1991). In *Payne*, the Supreme Court held the Eighth Amendment to the United States Constitution does not bar "evidence about the victim and about the impact of the murder on the victim's family." The Supreme Court reasoned that the underlying purpose of victim impact evidence is to show "each victim's uniqueness as an individual human being." *Id.* at 823.[3] The Supreme Court expressed concern that the victim not be turned into a "faceless stranger" at the penalty phase of a capital trial:

> [T]he State has a legitimate interest in counteracting the mitigating evidence which the defendant is entitled to put in, by reminding the sentencer that just as the murderer should be considered as an individual, so too the victim is an individual whose death represents a unique loss to society and in particular to his family.

---

status as a coworker does not bring her within the realm of witnesses excluded by *Fields*.

[3]Because *Payne* involved victim impact testimony from the decedent's family members, some statements in *Payne* appear to limit victim impact testimony to "the impact of the victim's death on the victim's family." 501 U.S. at 830 n.2. Defendant, relying on *Fautenberry v. Mitchell*, 515 F.3d 614, 638 (6th Cir. 2008), a habeas corpus case, argues the Sixth Circuit has adopted that limitation. However, *Fautenberry* addressed the impact of admitted testimony which improperly included opinions of the victim's family and friends concerning their beliefs as to the proper sentence to be imposed. There is nothing in *Fautenberry*, or another habeas case cited by Defendant,
*Roe v. Baker*, 316 F.3d 557, 565 (6th Cir. 2002), that suggests the Sixth Circuit would limit *Payne* to only family members.

5

*Id.* at 825.

In this case, the government intends to present one witness in an attempt to show the "victim's uniqueness as an individual human being." This witness is a close friend and coworker of the victim who was a part of the victim's life for a significant length of time. Excluding this testimony would create a risk of turning the victim into a "faceless stranger" at the sentencing phase of the trial, in direct contradiction of the Supreme Court's reasoning for allowing victim impact evidence.

Finally, Defendant claims that he would be unduly prejudiced should the Court allow the admission of victim impact testimony from a friend and coworker of the victim. However, as specifically stated in *Payne*, "In the event that evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." 501 U.S. at 825. Therefore, should the admitted testimony stray from its permissible scope, Defendant is not without a path to relief. Accordingly, the Court need not speculate as to whether the testimony will unduly prejudice Defendant at the current time.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's motion to strike (Court File No. 554).

An Order shall enter.

*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**
