UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

--------------------------------------------------------

UNITED STATES OF AMERICA,    :
                             :
        PLAINTIFF,           :
                             :
    VS.                      :    NO. 1:04-CR-00160
                             :
REJON TAYLOR,                :
                             :
        DEFENDANT.           :

--------------------------------------------------------

NOVEMBER 27, 2006

BEFORE MAGISTRATE JUDGE WILLIAM CARTER

--------------------------------------------------------

APPEARANCES:

APPEARING FOR THE UNITED STATES:

STEVE NEFF, AUSA
CHRIS POOLE, AUSA
UNITED STATES ATTORNEY'S OFFICE
1110 MARKET STREET
SUITE 301
CHATTANOOGA, TENNESSEE  37402

APPEARING FOR THE DEFENDANT:

HOWELL CLEMENTS, ESQUIRE
1010 MARKET STREET, SUITE 401
CHATTANOOA, TENNESSEE  37402

                -AND-

WILLIAM H. ORTWEIN, ESQUIRE
POST OFFICE BOX 38
CHATTANOOGA, TENNESSEE  37343

        BE IT REMEMBERED, that the above-styled cause came to be heard on the 27th day of November, 2006, before Magistrate William Carter, when all parties announced ready to proceed, evidence was introduced, and the following is a transcript of those proceedings:

---------------------------------------------------------
P R O C E E D I N G S

THE COURT: Please call the case.

THE CLERK: Case No. 1:04-CR-160, United States of America versus Rejon Taylor.

THE COURT: Would counsel please make appearances for the record?

MR. NEFF: Steve Neff and Chris Poole for the United States.

MR. CLEMENTS: Bill Ortwein and Howell Clements here for the Defendant Rejon Taylor. Mr. Roy Cooper, the investigator, he's also seated at the counsel table.

THE COURT: Thank you. We have a couple of motions that are before the Court this morning that do not appear to be contested at the present time.

I do want to ask about a request for an authorization for preparation of a transcript. This is not something that the government would know about, but defense counsel has filed a request and I have discussed this with defense counsel and they have agreed that it's all right to discuss this at the present time.

The request is for funds to prepare a transcript that is of a video interview from the Rockdale County, Georgia Sheriff's Department and phone calls from the Hamilton County Jail.

The difficulty is that the form on which it was filed is the sort of form that you would get a transcript here in court and probably it needs to be gone at in another way.

The Court would have no objection to that transcript being made, but I did want to inquire of the government whether the government itself was going to be preparing such a transcript, and if the government is, then I am hesitant to spend money twice to have this done.

MR. NEFF: Judge, as far as the videotape is concerned, I don't -- I don't think we anticipate using that in the trial. So probably we're not planning to do a transcript of the videotape.

The phone calls from the jail we are planning to do a transcript of. So, you know, I don't know if that's helpful to the Court or defense at all or not. The only thing I would say is that, you know, I don't know that we would be doing a transcript for all of the telephone calls, probably just the ones we intend to use at trial.

THE COURT: Well, I think what we -- I need to do, and I have explained, I believe, to defense counsel to hire someone to prepare those transcripts and to charge those as expenses on their fee forms rather than the filing of this CJA-24, but I will just leave that up to the defense counsel whether the defense counsel feels they need this or wants to discuss with the government sharing the transcripts prepared by their people.

MR. ORTWEIN: That's fine, Your Honor. I was just going to say, the court reporter is the one that gave us that voucher and said to file it that way. I assume that was because she was used to

doing transcripts.

THE COURT: We're trying to find out whether I am correct. I have a memory that there was a problem about using this form for a court reporter here.

Who are you going to get to prepare it?

MR. ORTWEIN: Judge, you would ask that question right at this moment.

THE COURT: Is it going to be Elizabeth?

MR. ORTWEIN: A federally approved court reporter.

THE COURT: You don't have to know. No, this is not on the docket. I am discussing something that's not on the docket.

MR. ORTWEIN: If we can do it another way, that will be fine.

THE COURT: I am going to my judicial system checking to see if my recollection about this problem is correct, but just check back with me in the next day or so and I will let you know whether this form will be satisfactory. It needs to be done and it will be done. I just thought that it might have to be done another way.

MR. ORTWEIN: That's fine, Your Honor.

THE COURT: Let's turn to the motions before the Court. There is a motion pursuant to Rule 15. Just one moment. That motion seeks the taking of depositions of personnel of the State Election Commission. The response basically is the government has no objection.

Is there any reason that the defense just should not prepare an order on that?

MR. NEFF: No, Your Honor, there's not.

THE COURT: There's likewise a motion for discovery pursuant to 28 U.S.C. 1867, if that -- I think it's a statute quoted in the memorandum and that allows the discovery motion. Well --

MR. CLEMENTS: Pursuant to the jury selection plan.

THE COURT: That response was filed to the Court and filed as -- 255 is the motion you're referring to, I believe. I am going to make sure we're right on the correct motion. Your motion is for discovery pursuant to 28 U.S.C. 1867?

MR. CLEMENTS: 255.

THE COURT: That's 255. The response filed by the government to the motion filed, 255, is basically they do not oppose the inspection request believing there's essentially an unqualified right to inspect the jury list. So the government appears to not object to that.

Is there any reason why the defense can simply not draw an order as to that?

MR. CLEMENTS: Well, Judge, in the event it becomes an issue later on, I would like to introduce it for the record.

THE COURT: Any objection to introducing whatever they want to for the record on this?

MR. POOLE: No, sir.

THE COURT:  Proceed.

MR. CLEMENTS:  Thank you, Your Honor. Your Honor, what we're asking for in the discovery on 255, which is the motion pursuant to 28 1867(f) is the production of the -- when the master wheel was emptied and when it was feed filled, what list of voters were actually sent to the clerk, and if it was from the county and/or the election commission, the quotient that was used in the plan, and what records, if any, the clerk's office has to indicate the Tennessee Election Commission provided the names of each actual registered voter and whether or not it was certified and the computerized data or written data to show the names from each drawn from each clerk.

Now, in conjunction with that, the motion for discovery pursuant -- I mean, not for discovery, for proof pursuant to Rule 15 from the Tennessee Election Commission is this, it's -- and if I can quote hearsay, and I am ready to put Mr. Cross on by telephone deposition if that's necessary or telephone testimony if that's necessary, but it appears that the election commission has not since 2001 sent any list in to the clerk's office, that's a total list, and apparently there's no records to back up anything to show that all of the counties were sent in before the master wheel was filled.  The date is 10/13/04.

Now, the clerk's office has been very cooperative with giving me the information as to what has transpired.  I would like to file for the record the letters that I sent to the clerk on September the

23rd, 2006 and the response.

The response, and I am not going to read all of it, but the critical part says, and this is talking about filing the master and jury wheel or selecting the names for the master jury wheel that Mr. Johnson, who is now apparently retired from the clerk's office, was provided with, names of the county in each division, the number of names to be drawn from each county, and the starting number data, but due to the passage of time and Mr. Johnson's retirement we're not sure whether the commission provided any certification.

Now, where this is going to become germane is to establish an impropriety in the way the Grand Jury was selected. We're going to have to show, in essence, pursuant to Sixth Circuit law that there's a subtraction. And if all the counties were not sent in, then we say that that's automatically a subtraction and under the statute that it's not a fair cross-section of the communities.

Our understanding is that the election commission thinks they just sent in a handful of the counties, one of them being Washington County, and that's all we know definitively at this point, and that's based on Mr. Cross talking to the election commission. Now, he's not talked to the election commission Mr. Griffey but he has received hearsay from --

THE COURT: I want to make clear that the issue of whether there has been a problem of constitutional import related to the selection will

be up to Judge Collier. I mean, Judge Collier will be deciding that motion.

The motion before me is a motion where you-all are seeking discovery and seeking to get information related to that, and the government's position is they do not object to your --

MR. CLEMENTS: I understand that, Your Honor. I'm not trying to belabor the matter, but this is a report and recommendation and I was afraid of what this report and recommendation had. I didn't necessarily want to be put into the position of having to supplement all of this information I am talking about.

THE COURT: Well, objectively I don't think that this would be done on a report and recommendation. I think you will be preparing an order that grants you the right to do the discovery, that you will get the discovery. There won't be a report and recommendation.

The judge has not -- unless I am not -- is someone aware of the District Judge having referred to me the other motion? I do not think so.

MR. CLEMENTS: Judge, I am not aware of it. I was just -- this is a death penalty case. I wanted to be super, super cautious.

THE COURT: It's a little unusual. That's the reason I am saying that it's my understanding that these motions are before me because they are basically discovery motions. They are non-dispositive. They are just a question of whether somebody gets discovery.

Now, if your discovery were being

denied on a matter like this, I might take another track. I might consider whether I needed to prepare a report and recommendation.

But under the circumstances where the discovery is essentially being granted, I don't find that there's any reason for that not to be done simply by an order that allows you the discovery.

MR. CLEMENTS: Well, if the government doesn't object to it and they are not going to appeal it and not doing a report and recommendation, we will just simply draw an order granting the motion.

THE COURT: That was my suggestion.

MR. POOLE: And we don't object and that's fine. It's styled a motion for discovery, I guess that's what we're talking about.

We obviously don't have this stuff. We don't have this. Inspecting and getting it from the clerk, I don't know that we don't need to get it first and turn it over. I don't know why they didn't just get it first, Your Honor, which we don't object to.

THE COURT: They apparently thought you objected to them getting discovery, that's what's
before me. There's no objection.

MR. CLEMENTS: That's fine. I will draft an order.

THE COURT: Now, the only question I have is this confidential essentially information that's being obtained. The statute appears to say directly that if this issue is raised that you are entitled to that information, that appears to be --

it appears to say that you're entitled to this information.

I ask the lawyers, is there any reason anything else needs to be done to preserve any confidentiality of what is being received?

I'm not -- I don't know how confidential that information is and I'm not seeking to cause a problem here, I'm just asking, does there need to be anything in the order about confidentiality?  It's being used for purposes of this trial only.

MR. CLEMENTS:  The statute provides confidentiality of getting the names of the jurors and grand jurors.

THE COURT:  Are you seeking that?

MR. CLEMENTS:  No.

THE COURT:  I didn't think you were.
MR. CLEMENTS:  What I am basically seeking is what counties were sent in the Eastern District of Tennessee, and if the county has been excluded, then it may come to the point that I want to do a statistical analysis that it amounts to a subtraction.

THE COURT:  Is there any reason with -- when did you get this information?  This information would not be something that would be shared with the government, whatever the information is.

MR. CLEMENTS:  No.  I intend to share it.  No, there's certainly none.

THE COURT:  That sounds fine.  Just get the information and share it with the government

and use it as you see fit to support your motion, but as far as I know, the motion itself related to the substantive amended motion that you have filed that seeks either the dismissal or striking of the indictment is before Judge Collier and I would be surprised if it --

MR. CLEMENTS: I agree with that.

THE COURT: All right.

MR. CLEMENTS: I just wasn't sure if this was going to be a report and recommendation or not, that's the only reason -- that's the only reason I brought it up.

THE COURT: In light of the way things have shaken out, I guess you would say the government is not opposing either motion. Therefore, the granting of the motion will be done by order and there won't be a need for a report and recommendation. If you will, draw the order.

MR. CLEMENTS: Just so it will be clear, while the order is drafted, then can I call the election commission and get a date from them for you-all to take their deposition and I will put that in the order if that's okay?

THE COURT: Very well. You will draw both orders, then very well.

Anything further from the government?

MR. NEFF: No.

MR. POOLE: No.

THE COURT: Anything from the defense?

MR. CLEMENTS: No.

THE COURT: The hearing will be

adjourned.

END OF PROCEEDINGS

15

REPORTER'S CERTIFICATE

STATE OF TENNESSEE      )
                        : SS.
COUNTY OF HAMILTON      )

I, Kimberly J. Nixon, RPR, the officer before whom the foregoing cause was taken, do hereby certify that the witnesses whose testimony appear in the foregoing transcript were duly sworn, and that the testimony of said witnesses was taken by me in machine shorthand, and thereafter reduced to typewriting by me;

That the exhibits annexed to this transcript are the true, accurate and only exhibits introduced into evidence, and that the transcript was prepared under my supervision, and attached to this certificate is a true, accurate and complete transcript, as provided by law;

That we are neither counsel for, related to, nor employed by any of the parties to this action; and we further certify that we are not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially or otherwise interested in the outcome of this action; and that the foregoing transcript is complete and accurate in all particulars, as provided by law.

In witness whereof, I have hereunto set my hand this_____day of_____, 2009.


                    _____
                    KIMBERLY J. NIXON, RPR
                    MY COMMISSION EXPIRES 4/18/2012.