```
                    IN THE UNITED STATES DISTRICT COURT

                      EASTERN DISTRICT OF TENNESSEE

                             AT CHATTANOOGA
    ---------------------------------------------------------------
                                     :
    UNITED STATES OF AMERICA,        :
                                     :
             Plaintiff,              :
                                     :
    v.                               :         1:04-CR-160
                                     :
    REJON TAYLOR,                    :
                                     :
             Defendant.              :
    ---------------------------------------------------------------
                                              Chattanooga, Tennessee
                                              December 3, 2008

              BEFORE:  THE HONORABLE CURTIS L. COLLIER,
                       CHIEF UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

    FOR THE PLAINTIFF:

    STEVEN S. NEFF
    CHRISTOPHER D. POOLE
    Assistant United States Attorney
    1110 Market Street, Suite 301
    Chattanooga, Tennessee  37402


    FOR THE DEFENDANT:

    WILLIAM H. ORTWEIN
    Post Office Box 38
    Hixson, Tennessee  37343

    HOWELL G. CLEMENTS
    1010 Market Street, Suite 401
    Chattanooga, Tennessee  37402


SENTENCING HEARING

```
 1   APPEARANCES:  (Continuing)

 2

 3            FOR THE DEFENDANT:

 4            LESLIE A. CORY
              FREDERICK L. ORTWEIN
 5            1010 Market Street, Suite 306
              Chattanooga, Tennessee  37402
 6

 7

 8                              - - -

 9

10            THE COURT:  Please call the case.

11            THE CLERK:  Criminal Action 1:04-160, United States

12   of America versus Rejon Taylor.

13            THE COURT:  Counsel, please make appearances for the

14   record.

15            MR. NEFF:  Steve Neff and Chris Poole for the United

16   States, Your Honor.

17            MR. WILLIAM ORTWEIN:  Bill Ortwein, Lee Ortwein,

18   Leslie Cory, and Howell Clements for Defendant Taylor, Your

19   Honor.

20            THE COURT:  Mr. Taylor, would you and Mr. Ortwein

21   please come to the lectern.

22            (Brief pause.)

23            THE COURT:  The Court has set this matter for hearing

24   this morning for the purpose of imposing sentence in this case.

25            Mr. Ortwein, is Mr. Taylor prepared for sentencing?
```

1  MR. WILLIAM ORTWEIN: Yes, Your Honor.

2  THE COURT: Is the government prepared for the Court
3  to impose sentence?

4  MR. NEFF: Yes, Your Honor.

5  THE COURT: After a lengthy and vigorously contested
6  trial, the jury in the case against Mr. Taylor determined that
7  the defendant Rejon Taylor should be put to death.

8  Pursuant to the Federal Death Penalty Act, Title 18,
9  United States Code, Sections 3591 through 3598, the Court is
10 required to impose that sentence. Defendant was provided an
11 opportunity for allocution before the jury, and he exercised
12 that right. And the jury also considered aggravating and
13 mitigating factors.

14 Accordingly, it is the judgment of the Court on
15 Counts 1 through 4 that the defendant, Rejon Taylor, be
16 sentenced to death.

17 Rejon Taylor is hereby committed to the custody of
18 the United States Attorney General until exhaustion of the
19 procedures for appeal of the judgment of conviction and for
20 review of the sentence. When the sentence is to be
21 implemented, the Attorney General shall release the defendant
22 to the custody of the United States Marshal, who shall
23 supervise implementation of the sentence in the manner
24 prescribed by the law of Tennessee.

25 The sentence shall be executed on a date and at a

1  place designated by the director of the United States Bureau
2  of Prisons.
3           The defendant shall cooperate in the collection of
4  DNA, as directed by the probation office.
5           It is further ordered that the defendant shall pay
6  to the United States a special assessment of $400, pursuant to
7  Title 18, United States Code, Section 3013, which shall be due
8  immediately.
9           The Court finds that because of the particular
10 circumstances of this case the defendant does not have the
11 ability to pay a fine, therefore the Court waives the fine in
12 this case.
13          Mr. Taylor, as I'm quite sure you are aware, you
14 have the right to appeal both the conviction and also the
15 sentence.  If you would like to appeal your sentence, your
16 notice of appeal must be filed within ten days.  If you cannot
17 afford counsel to represent you in your appeal, the Court will
18 appoint counsel to represent you.
19          The law in this area requires that the Court appoint
20 counsel to represent you.  I have received a letter from the
21 federal public defender for this district, Ms. Elizabeth Ford.
22 The Court's local Criminal Justice Act plan provides that she
23 shall make a recommendation to the Court pertaining to
24 representing you on appeal.  And she has recommended that
25 Ms. Cory represent you on appeal, and also an attorney named

```
 1  Barry J. Fisher, who is out of New York.  The Court has not
 2  decided at this point whether to accept that recommendation or
 3  not.  I would like to hear from your attorneys and also from
 4  you what your views are with respect to your being represented
 5  by Mr. Fisher and Ms. Cory, and also whether you are agreeable
 6  to your other attorneys withdrawing from your case.
 7            Mr. Ortwein?
 8            MR. WILLIAM ORTWEIN:  First of all, let me say, if it
 9  please the Court, what we recommend to the Court is something a
10  little bit, obviously, different than what Ms. Ford has
11  recommended.  There was a report—I can't think of the name of
12  it, but—three or four years ago that recommended that there
13  be -- well, the law requires two attorneys to be appointed on
14  appeal, our recollection, one of which, in the report, is to be
15  an attorney who was not involved in the trial, and the other
16  attorney to be one who was involved in the trial.
17            Our recommendation to the Court is that the Court
18  appoint Mr. Paul Cross, who was not involved in the trial, who
19  is a partner of Mr. Howell Clements, with the law firm of
20  Clements & Cross, and that the Court appoint either Ms. Leslie
21  Cory or Mr. Lee Ortwein of the law firm of Ortwein & Cory on
22  the appeal, either one of those, which would be fine for the
23  purpose of appeal.  And that way there would be one attorney
24  who was not involved in the trial and one who was.  And
25  obviously Mr. Clements could aid Mr. Cross and Mr. Ortwein
```

```
 1   Ms. Cory, or vice versa.
 2             Let me say to the Court, under those circumstances,
 3   at least, I would be happy to be involved in the appeal on a
 4   pro bono basis.  As the Court knows, I'm 68 years old, and I
 5   do have some health problems.  However, certainly, having been
 6   lead counsel in this particular trial, I would want to have
 7   some involvement in an appeal, which would be rather difficult
 8   should -- and I can't think -- I've talked to the attorney in
 9   New York, Judge, but I can't think of his last name right now.
10   He has just been appointed full time the director of the
11   Federal Death Penalty Resource Counsel in charge of appeals.
12   I would also point out, though, to the Court that should the
13   Court appoint Mr. Cross and Ms. Cory or Mr. Ortwein, that his
14   services are available free of charge to them under the Act,
15   which establishes the Federal Death Penalty Resource Center
16   for purposes of the appeal, just as during the trial we had
17   the aid of Mr. Kevin McNally from said organization, which was
18   free of charge to the government.  But that is our
19   recommendation.  I believe that -- I may be incorrect that
20   that is what Mr. Taylor likewise would prefer, but that's --
21   the Court can make inquiry, certainly, of Mr. Taylor in that
22   regard.
23             THE COURT:  Thank you, Mr. Ortwein.  I see that
24   Mr. Cross is in court.
25             Mr. Cross, Title 18, United States Code, Section
```

3005, requires that at least one of the assigned lawyers, quote, "be learned in the law applicable to capital cases," close quote. If you don't mind, within the next few days could you furnish the Court with a copy of your résumé, with particular attention to experience in the appeal of capital cases? The Court will certainly take Mr. Ortwein's recommendation under advisement. This is something that the Court will do, but the Court will not do it today, but the Court will do it within the next ten days. This is a very serious matter, and the Court would like to make sure that Mr. Taylor receives the best representation that is available on appeal.

        MR. CROSS: Yes, sir.

        THE COURT: Okay. Mr. --

        MR. WILLIAM ORTWEIN: Your Honor --

        THE COURT: I'm sorry, Mr. Ortwein. Go on.

        MR. WILLIAM ORTWEIN: Let me just emphasize once again that I personally will be involved on a pro bono basis, under our recommendation, or even should Your Honor make an appointment the other way. Probably less the other way. But certainly I will -- am offering my services free, or involvement free, in this particular matter, for whatever value they may be.

        THE COURT: Mr. Taylor, you just heard the Court inquire of Mr. Ortwein as to what his position was on the

8

recommendation the Court has received from the head of the local Federal Defender's office. As I indicated, that person has recommended that Ms. Cory stay on as one of your attorneys in the appeal and that Mr. Fisher, Mr. Barry Fisher, be your lead appellate counsel. I assume that you've had a chance to speak to Ms. Cory, Mr. Ortwein, and perhaps others about that recommendation, and the Court would like to hear from you what your views are and what your wishes are. Obviously the Court has an independent obligation, so the Court will not necessarily acquiesce in your wishes, but the Court would like to hear your wishes so the Court can take them into consideration.

THE DEFENDANT: I agree with Mr. Ortwein, his position on it.

THE COURT: Okay. So you don't have a preference for Ms. Cory or Mr. Lee Ortwein?

THE DEFENDANT: I thought they was in the same law office. So...

MR. WILLIAM ORTWEIN: Doesn't matter. Just whatever you think. Don't worry about hurting somebody's feelings because they've been involved in your representation. If you have a preference between the two, just tell the Court. You won't hurt anybody's feelings.

THE DEFENDANT: Yeah. Leslie Cory.

THE COURT: Okay. I'm not making a definite

1  commitment at this point, but I think I'm likely to appoint
2  Ms. Cory, then, as one of the attorneys.
3              THE DEFENDANT:  Okay.
4              THE COURT:  Okay?
5              Mr. Ortwein, is there anything further the Court
6  must do this morning?
7              MR. WILLIAM ORTWEIN:  Yes, sir.  I want to enter an
8  objection, although Mr. Taylor was offered to -- made an
9  allocution to the jury, that the Court did not offer him the
10 right to make allocution before the Court sentenced him.  I
11 just want to note that for the record, Your Honor.
12             THE COURT:  Okay.  As I understand the motions that
13 were filed during the trial, the argument was made by
14 Mr. Taylor that since the jury stood in the place of the Court
15 and in a normal sentencing the defendant has the right of
16 allocution in front of the Court, that that right should extend
17 to the jury, since the jury was making the decision.  And
18 although the law was not all that clear on that point, the
19 Court granted Mr. Taylor that right, and he took advantage of
20 it, and he spoke for about, oh, 20 to 30 minutes or so to the
21 jury, not under oath, not subject to cross-examination.
22             I don't know of any argument that was made at that
23 time that in addition to that allocution the defendant would
24 also have a right to a separate allocution in front of the
25 Court.  I'm not sure that any cases have discussed that.  As I

said, the law was not all that clear with respect to what the Court did in the first place, but out of an abundance of caution and to be as fair as possible to Mr. Taylor, the Court granted that right, which was exercised.

Any other objections?

MR. WILLIAM ORTWEIN: No, Your Honor.

THE COURT: Any objections by the government?

MR. NEFF: No, Your Honor. I would want to point out that we spoke with Ms. Belcher yesterday morning. She was planning on coming. I don't know if the Court had intended on allowing her to say anything. But she got sick last night and was unable to come. So in case the Court were to ask us if we had any possible victims that would want to say something, as it stands now, we don't.

THE COURT: And I understand that the government is required to prepare the judgment.

MR. NEFF: We'll do that today, Your Honor.

THE COURT: Okay. If there is nothing further, that concludes this matter.

END OF PROCEEDINGS

1    I, Elizabeth B. Coffey, do hereby certify that I
2    reported in machine shorthand the proceedings in the
3    above-styled cause, and that this transcript is an accurate
4    record of said proceedings.
5
6
7                                    s/Elizabeth B. Coffey
                                     Elizabeth B. Coffey,
8                                    Official Court Reporter

UNITED STATES DISTRICT COURT