UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:04-CR-160-1 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| REJON TAYLOR | ) | |
| | ) | |

**MEMORANDUM**

Before the Court is Defendant Rejon Taylor's ("Defendant") Motion to Unseal Record Material and to Obtain a Complete Record on Appeal (Court File No. 906). The government filed a response to the motion (Court File No. 917), and Defendant filed a reply brief (Court File No. 918). For the reasons stated below, the Court will **GRANT IN PART**, **DENY IN PART,** and **RESERVE RULING IN PART** on Defendant's motion (Court File No. 906).

**I.    BACKGROUND**

Defendant was convicted of several federal capital offenses and was sentenced to death. He filed a notice of appeal (Court File No. 842), and his case is now before the United States Court of Appeals for the Sixth Circuit. He has yet to file his brief. Defendant now seeks to supplement the record for the purposes of his appeal.

**II.   STANDARD OF REVIEW**

Pursuant to Rule 10(a) of the Federal Rules of Appellate Procedure, the record on appeal consists only of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."

Rule 10(e), however, allows corrections or modifications to be made to the record. Specifically, "Rule 10(e) allows amendment of the record on appeal [] under two circumstances: '(1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2) when a material matter is omitted by error or accident.'" *United States v. Cornell*, 162 F. App'x 404, 413 (6th Cir. 2006) (citing *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997)); Fed. R. App. P. 10(e); *United States v. Moncier*, 2:07cr40, (E.D. Tenn April 22, 2008) (Court File No. 78). "The purpose of the rule is to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S&E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982); *see also United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987) (explaining the purpose of the rule is "not to facilitate collateral attacks on the verdict").

In addition, if parts of the proceeding were not recorded, Rule 10 provides a method for supplementing the record. In particular, Rule 10(c) provides "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. App. P. 10(c). The appellee may then serve objections or proposed amendments within 14 days of being served. *Id.* It is then within the discretion of the district court to approve such statements and amendments. *Id.*; *see also United States v. Cornell*, 162 F. App'x 404, 413 (6th Cir. 2006) ("When a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable.").

**II.      DISCUSSION**

### A. Slides Displayed by Prosecution

Defendant first requests this Court order the Government to provide paper copies of all of the powerpoint slides used by the Government during trial and sentencing and that such slides be filed electronically to be a part of the record (Court File No. 906). The Government has no objection to including these in the record (Court File No. 917). Accordingly, the Court will **GRANT** this request and will **ORDER** the Government to file these slides with the Court within **fourteen (14) days** of this Court's Order.

### B. Draft Jury Instructions; Proposed Charges; Final Charges Sent to Jury Room; Email Communications

#### 1. Jury Instructions

Defendant next requests the Court to direct the Clerk of the Court to file copies of the draft jury instructions, objections to the jury instructions, proposed jury instructions, and the final jury instructions to be a part of the record (Court File No. 906). Specifically, Defendant requests the Court include as part of the record (a) a list of fifty-five (55) proposed mitigating factors submitted by the defense to the Court on October 6, 2008; (b) a list of thirty-five (35) proposed mitigating factors submitted by the defense on October 10, 2008; (c) a marked-up version of the Court's draft jury instructions provided to the attorneys during the trial phase which contains handwritten objections and requests made by defense counsel; (d) the actual jury instructions submitted to the jury for deliberations during the trial phase of the proceedings; (e) a copy of the Court's draft jury instructions circulated to counsel during the sentencing phase; (f) Defendant's request for revisions to the penalty-phase jury instructions and verdict form; and (g) the actual sentencing-phase jury instructions sent to the jury for deliberations (Court File No. 906 at 6). Here, the Government does not have any objections "to the inclusion of any documents submitted by the defense to the Court

3

for its consideration, nor to the [inclusion of] the copy of the final instructions sent to jury" (Court File No. 917 at 3).

A district court may "supplement [the] appellate record in a criminal case to include omitted records relating to jury instruction[s], so that the record would conform to the truth, where the district court certified that documents were submitted to and used by court, and certified description of its general procedures." *United States v. Barrow*, 118 F.3d 482, 482 (6th Cir. 1997). In addition, "the appellant bears the burden of presenting the appellate court with the portions of the record necessary to determine his appeal, and of supplementing the record with any information contained therein." *United States v. Jamal*, 246 F. App'x 351, 365 (6th Cir. 2007).

The transcript of the proceedings and the docket sheet of this case should contain any proposed jury instructions submitted by the parties and the actual instruction given by the Court to the jury. Thus to the extent this request calls for these materials to be included in the record, the request will be denied because they are already a part of the record. Regarding (a) the list of 55 proposed mitigating factors and (b) the list of 35 proposed mitigating factors, Defendant does not indicate when or how defense counsel submitted this information to the Court. The Court assumes they were submitted to the Court through the clerk's office and/or filed into the record. If that is the case, they should be in the record already. To the extent they are not in the record, the Court has no way of ascertaining where such material is located or, even if such materiel was located, the Court has no way of ascertaining that it is what was presented in court. The transcript of the proceedings should describe this material. That may suffice for Defendant's purposes. However, the Court will **RESERVE RULING** on these two requests (Court File No. 906). Defense counsel should provide more information to the Court regarding how these mitigating factors were submitted to the Court.

4

In addition, the parties may stipulate as to whether Appendix A1 and Appendix A2 (Court File Nos. 906-1, 906-2), as attached to Defendant's motion, are the actual lists of mitigating factors submitted to the Court, pursuant to Federal Rule of Appellate Procedure Rule 10(e)(2)(A). The Court would not be able to certify the accuracy of this material since it has no means of ascertaining the accuracy of the material other than the attestations of counsel. Such additional briefing and stipulations must be filed within **fourteen (14) days** of entry of this Court's Order.

With respect to (c) and (e), Defendant requests the Court include the draft of the Court's jury instructions during the trial and sentencing phase. In accordance with the Federal Rules of Criminal Procedure 30, the Court provided counsel with written copies of the Court's proposed charge to the jury and held a conference to give counsel an opportunity to discuss the proposed charge and make objections or suggest changes to the proposed charge. If no objection was made to the proposed charge then that part of the charge would have been in the final charge. To the extent any objections or suggestions for additions were raised to the proposed charge, then those would have been discussed during the charge conference and contained within the transcript of the charge conference (*see e.g.,* Court File No. 868, Tr. at 1648-1677; Court File No. 876, Tr. at 2499-2562). Changes to the charge resulting from the charge conference would be incorporated into the final charge. The Court has not maintained interim copies of proposed charges and because during the course of a trial there are generally many drafts of the charge in circulation within the Court's chambers it is impossible for the Court to ascertain, even if the Court had maintained these various drafts, which version had been provided to counsel. The best indication of what drafts counsel received would be provided by the transcript of the charge conference. Accordingly, the Court will **DENY** Defendant's request to include the Court's draft of the jury instructions and the marked-up draft

5

provided by defense counsel in the record.

In regards to requests (d) and (g), the actual jury instructions given to the jury by the Court are contained in the transcript (Court File No. 868, Tr. at 1722-1753; Court File No. 876, Tr. at 2628-2643). Accordingly, because these instructions are already a part of the record, the Court will **DENY** Defendant's request.

Finally, with respect to (f), Defendant's requests for revisions, any requests made are reflected in the transcript. However, the Court will **RESERVE RULING** on Defendant's motion to include Defendant's requests for revisions to the penalty phase jury instructions and verdict forms. The parties may submit additional briefing and/or stipulation that Appendix A6 (Court File No. 907-3) is the actual document submitted by the defense. Again, however, the Court has no way of certifying that this document is the document presented during the trial. Any such briefing or stipulation **SHALL** be filed within **fourteen (14) days** of entry of this Court's Order.

### 2. Email Communications

Defendant next moves the Court to include as a part of the record email communications made between the Court's law clerk and defense counsel during the course of trial (Court File No. 906). According to Defendant, these communications regarded "scheduling, sealed portions of the defense's proposed jury instructions, and other matters in this case" (*id.* at 7). The Government objects to the inclusion of these email communications (Court File No. 917). The Court does not see how any communication between counsel and staff of the Court could constitute the record of this case. These communications were not made known to the jury and may not even have been made known to the Court. According to the request these communications concerned things such as scheduling and procedural matters. It would be rare for such matters to be brought to the attention

6

of the Court. These matters could not concern what actually occurred in the District Court nor constitute material omitted by error or accident. There is nothing in Rule 10 to suggest that Defendant is entitled to discover the Court's notes or email correspondence. *See e.g., Deep Sea Tankers v. the Long Branch*, 242 F.2d 433, 434 (2d Cir. 1957). Accordingly, the Court will **DENY** this request.

### C. Written Communications from Jurors Regarding Individual Circumstances

#### 1. Issues Between Prospective Jurors and Employers

Defendant requests the Court file under seal written communications between jurors and the Court regarding some jurors and their employers. Specifically, jurors were concerned about being paid for jury service. Defendant has copies of these written requests. The Government has no objection to this motion to the extent it does not require the Court to engage in a "fishing expedition" (Court File No. 917). Here, Defendant has failed to provide sufficient explanation as to why these communications should be filed electronically when Defendant has access to them. Accordingly, the Court will **RESERVE RULING** on this request. Defendant shall provide further explanation withing **fourteen (14) days** of this Court's Order. Defendant shall explain why this material is necessary to permit the Court of Appeals to understand the issues presented by Defendant**.**

#### 2. Individual Circumstances

Defendant also asks this Court to file under seal and include in the record notes and communications from prospective jurors regarding their individual circumstances. These communications were dated August 10, 2008; August 19, 2008; August 25, 2008, and September 16, 2008. Defendant already has these communications. The Court will also **RESERVE RULING** on this request. Defendant shall provide further explanation regarding the need for such information

7

withing **fourteen (14) days** of this Court's Order. Again, defendant shall explain why this material is necessary for the Court of Appeals to understand the issues presented by Defendant.

### 3. Other Communications

Finally, Defendant believes there may have been other written communications from jurors to the court staff or to the Jury Administrator which were not given to defense counsel. Therefore, Defendant requests the Court to provide such copies to counsel under seal. Defendant fails to explain why or how such communications, if they exist, could possibly constitute matters that occurred in the District Court or matters omitted by error or accident. Again, Defendant's request "does not appear to be aimed at correcting some misstatement or omission in the District Court record but rather to add new material that was never considered by or relied upon by the District Court." *Moncier*, 2:07cr40, (Court File No. 78, p. 2). Because the Court finds this is improper and would require the Court to engage in a fishing expedition, the Court will **DENY** this request.

### D. Written Communications Between the Jury and the Court During Trial and Sentencing

#### 1. Written Communications Between the Jury and the Court

According to Defendant there were a total of twenty (20) written communications between the Court and the jurors, consisting of fifteen (15) written communications from the jury to the Court and five (5) written communications from the Court to the jury. Defendant requests copies of all twenty notes be filed electronically with the name of the foreperson redacted. The Government has no objection to this request.

Here, the Court will **GRANT** Defendant's request. The Clerk of the Court **SHALL** file or

take any steps necessary to make viewable the copies of the twenty (20) written communications.[1] However, the name of the foreperson and any other personal identifiable information **SHALL** be redacted.

### 2. Reconstructed Record

Defendant next requests the record be reconstructed to reflect that "(a) when the jury sent a note to the Court during the sentencing hearing asking about the mitigating factors on the verdict form, the Court's law clerk brought counsel for the defense and prosecution a copy of the Court's proposed response; neither side objected, and the Court sent that response back to the jury room; (b) with the exception of the three notes identified in the transcript and the fourth note (regarding the mitigating factors) just described, none of the remaining jury notes was every shown to [Defendant's] trial counsel nor was their contents or existence brought to counsel's attention, until after the jury's sentencing verdict" (Court File No. 906 at 10).

Rule10(c) "permits the appellate [or Defendant] to prepare a statement of the proceedings from the best available means, including the appellant's recollection." *United States v. Taylor*, 9 F. App'x 465, 468 (6th Cir. 2001). In other words, it allows the appellant to make the first step in reconstructing a record.

Here, Defendant has provided a statement of the evidence as stated above. However, the government objects to this reconstruction of the record because "defendant had an opportunity to review the Court's response to the mitigating-factors note and did not object" (Court File No. 918 at 5) (internal brackets omitted). Although the Court agrees there is no claim by Defendant's counsel that it did not have the opportunity to have such conversations made on the record, the Court

---

[1] Jury communications are normally filed electronically, but are often only viewable by members of the Court's staff.

also has no specific recollection of the "alleged conversations or colloquies off the record" and has no way of determining whether they actually occurred and if they did occur, whether they occurred in the manner stated by Defendant. *See Cox v. General Elec. Co.*, 302 F.2d 389, 390 (6th Cir. 1962). *Id.* Accordingly, the Court will **DENY** Defendant's request to reconstruct the record in this manner.

### 3. Jury Communication Regarding Verdict

Defendant states defense counsel has been unable to locate the note jurors sent back to the Court at the conclusion of the sentencing hearing indicating the jury had reached a verdict. Defendant requests the Court direct the clerk's office to locate this note, make it available to defense counsel, and file it on ECF. Communications with the Court from the jury are filed electronically; however, such communications are only viewable by Court staff once electronically filed. Nonetheless, the Court will **GRANT** Defendant's request.

### 4. Reconstructed Record

Defendant requests the "off-the-record discussion between the Court's law clerk and counsel regarding the jury's final question about non-unanimity be reconstructed to reflect (a) that the law clerk indicated to the defense and the prosecution that the Court did not intend to discuss the question in person with them, either by taking the bench or calling them into chambers, and (b) that neither the defense nor the prosecution stated any view about whether this procedure was appropriate or acceptable" (Court File No. 906 at 10-11). The government objects to reconstructing the record because it "has no specific recollection" of this conversation between the law clerk and counsel. However, the Court finds there is no need to reconstruct this conversation as it appears to be referenced in the transcript (Court File No. 878, Tr. at 2682-84). Therefore, the Court will

10

Case 1:04-cr-00160-CLC-CHS Document 923 Filed 08/30/11 Page 10 of 16 PageID #: 8508

**DENY** this request.

### E. Disputed Discovery: Joey Marshall's 302 Interviews

Defendant requests that Joey Marshall's two 302 interviews be included as part of the record for appellate review. Although the Government objects to the characterization of these interviews as "disputed discovery," the Government does not object to inclusion of this evidence in the record. However, there is no indication from the parties whether this evidence was presented before this Court. "The [request] does not appear to be aimed at correcting some misstatement or omission in the District Court record but rather to add new material that was never considered by or relied upon by the District Court." *United States v. Moncier*, 2:07cr40, (E.D. Tenn. April 2, 2008) (Court File No. 78, p. 2). The Court will **RESERVE RULING** on this request. Defendant may submit a supplemental briefing withing **fourteen (14) days** of this Order to demonstrate whether this evidence was presented before this Court or whether it is new evidence to be presented to the court of appeals.

### F. Defense Memorandum of Law on "Execution Impact"

Defendant requests his memorandum of law on the admissibility of "execution impact" evidence be filed electronically and included in the record for appellate review (*see* Court File No. 873, Tr. 2102:12-22). The Government has no objection to including this in the record. Accordingly, the Court will **GRANT** this motion. The Clerk of the Court is ordered to include this memorandum (Court File No. 908 at 4) as a part of the record.

### G. Sealed Pleadings and Orders for Codefendants

Defendant moves this Court to allow defense counsel access to sealed orders and pleadings related to co-defendants in this case. Specifically, Defendant asks the Court to unseal documents

11

numbered 91, 95, 97, 98, 111, 112, 655, 656, 657, 752, 753, 754, 806, and 807 (Court File Nos. 906, 918). On April 19, 2011, co-defendant Sir Jack Matthews filed a motion to unseal documents 97, 111, 153, 655, 656, 657, 806, and 807 (Court File No. 919). This motion was granted (Court File No. 920). On June 24, 2011, co-defendant Joey Marshall filed a motion to unseal documents 91, 95, 98, 112, 752, 753, and 754 (Court File No. 921). This motion was also granted (Court File No. 922). Accordingly, the Court will **DENY** Defendant's request **as MOOT** (Court File No. 906 and 918).

### H.    Additional Courtroom Security Measures Implemented

Defendant requests the Court reconstruct the record to reflect the additional security measures that were imposed following the sentencing verdict until the end of the proceedings, in which Court Security Officers had to escort the jury out of the courtroom to avoid the general public. The Government objects to reconstructing the record to reflect anything other than what is contained in the transcripts. The Court agrees with the Government on this point. It is clear from the record the Court imposed additional security measures because the jurors "had concerns about their photographs being taken" (Court File No. 870, Tr. at 54:17). The defense expressed no objection to these additional security measures. Because the transcript is clear, the Court finds there is no reason to reconstruct the record. As Counsel is aware, the Courthouse in Chattanooga, Tennessee is approximately 80 years old. The courtroom is located on the third floor of the building. There is a central hallway onto which the courtroom opens and this hallway leads to the sole publically available stairwell and elevator. During breaks in the trial and at the conclusion of the trial day, jurors, spectators, witnesses, attorneys, the press, defendant's family members and others all intermingle as they depart the building using this one hallway, elevator and stairwell. This case had

12

generated considerable press attention and additional securities precautions were essential. The possibility of an improper, even if inadvertent, exchange with a juror and the risk of a mistrial required greater precautions. The Court will **DENY** this request.

### I. Court's Policy on Sidebars

Defendant moves this Court to reconstruct the record to reflect the Court's policy regarding sidebars. According to Defendant, this Court has a "blanket policy of not allowing lawyers to approach the bench for sidebar conferences at any time, for any reason" (Court File No. 906 at 13). The Government objects to this request, stating "the existence of the policy is legally and factually irrelevant and an attempt by [Defendant] to cast the Court in a poor light after the fact" (Court File No. 917 at 5).

Even if there had been no objection from the Government, the Court would be unable to accommodate this request because the Court does not have and has never had a "blanket policy of not allowing lawyers to approach the bench for sidebar conferences at any time, for any reason" Although the Court does not recall any request for sidebars being made in this trial, it would have been unwieldy to hold a sidebar with four attorneys on the defense side, the defendant himself, and two government attorneys. The Court, in fact, has held side bar conferences with attorneys in trial before and after this trial. Seven people plus the court reporter would be too many people for the Court to have had at the bench while the jury was present. The courtroom where the trial was held is small by contemporary federal standards. The bench in the courtroom would not accommodate such a large party. Had a sidebar been requested, the Court would have excused the jury from the courtroom and entertained whatever issue counsel desired to present. In such a setting there would not be a concern about the jury overhearing what was said or the Court hearing one of some six

13

attorneys spread around a small bench. The Court does recall this procedure being used during the trial. It does not recall whether or not "sidebar" conferences were held. For this reason, the Court will **DENY** this request.

### J. Defendant's Actual Date of Birth

Defendant requests his birth certificate be included as a part of the record. The Government does not object. Nonetheless, it does not appear this information was presented before the district court. Accordingly, the Court will **DENY** the request.

### K. Depositions Relating to Jury-Composition Challenges

Defendant asks that the deposition testimonies of Steve Griffey, Helen Beth Robinson, Patricia McNutt, Steve Johnson, Helen Spears, and John Medearis be filed with the Court. Pursuant to the Court's order granting Defendant's motion to take depositions of personnel of the Tennessee State Election Commission and of the Office of the Clerk, United States District Court (Court File No. 331), Defendant filed a notice of filing of the depositions on February 20, 2007 (Court File No. 362). However, the depositions were never filed electronically. Accordingly, the Court will **GRANT** this request.

### L. Record Material Related to Jury Selection

In the clerk's office, there are extensive materials related to jury selection. Defendants ask the Court to file: (1) lists of the 12 jurors and 6 alternates, (2) lists of venire-members who were summoned for trial; (3) the peremptory strike lists provided to the Court by defense and by the government; (4) a memo to the Court from the Jury Clerk regarding an initial hardship questionnaire the Court sent to prospective jurors; (5) copies of the completed one-page hardship questionnaires returned by prospective jurors; (6) all papers received from prospective jurors who responded to the

14

summonses but were "excused or deferred" and thus never called in to court for voir dire; (7) all summons forms returned by prospective jurors; and (8) copies of the original qualification questionnaires for each member of the original 500-person venire. Finally, Defendant asks this Court to unseal jury selection transcripts. The government expresses no objection to these requests, but urges the Court to seal any documents which contain personal and biographical information about jurors or potential jurors.

Due to the massive amounts of documents involved and because the majority of these documents contain personal and biographical information pertaining to jurors, the Court finds it would place an undue hardship on the Court to file these documents electronically. Accordingly, the Court will **DENY** this request.

### M.  Unsealing Material Related to Mid-Trial Publicity

Defendant asks this Court to unseal material relating to mid-trial publicity in this case including, (1) the transcript involving mid-trial voir dire of jurors (Court File No. 871); (2) Defendant's mistrial motion and the government's response (Court File Nos. 709, 722); and (3) a proportionality motion filed by Defendant (Court File No. 263), a *Brady* letter filed by the government (Court File No. 640), and a series of documents concerning negotiations between the government and Defendant (Court File Nos. 717-721). The government has no objections to these requests.

In regards to unsealing the transcript concerning the jurors' exposure to mid-trial publicity, the Court notes the attorneys agreed not to "expose [the interviews of the jurors] to the public in any way" (Court File No. 871, Tr. 1885:12-14). Because the transcript possibly references at least two jurors by name, the Court finds there are security concerns with regards to this transcript.

Accordingly, the Court will **DENY** Defendant's request to unseal the transcript (Court File No. 871). In regards to the other documents, the Court will **GRANT** Defendant's motion to unseal these documents (Court File Nos. 263, 640, 709, 717-722). However, any references to jurors by name **SHALL** be redacted.

III. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART**, **DENY IN PART,** and **RESERVE RULING IN PART** on Defendant's motion (Court File No. 906).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**