UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA )
)  Case No. 1:04-CR-160-1
v. )
)  Chief Judge Curtis L. Collier
REJON TAYLOR )

**MEMORANDUM**

Before the Court is Defendant Rejon Taylor's ("Defendant") motion to unseal record material and to obtain a complete record on appeal (Court File No. 906). On August 30, 2011, the Court granted in part, denied in part, and reserved ruling on parts of Defendant's motion (Court File No. 924). Following the issuance of the order, the Court gave the parties an opportunity to submit additional briefing and make stipulations. Defendant submitted a supplement in support of his original motion (Court File No. 926). For the reasons stated below, the Court will **GRANT IN PART** and **DENY IN PART** the remaining matters that pertain to Defendant's motion (Court File No. 906).

I.  STANDARD OF REVIEW

Pursuant to Rule 10(a) of the Federal Rules of Appellate Procedure, the record on appeal consists only of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Rule 10(e), however, allows corrections or modifications to be made to the record. Specifically, "Rule 10(e) allows amendment of the record on appeal [] under two circumstances: '(1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2)

when a material matter is omitted by error or accident.'" *United States v. Cornell*, 162 F. App'x 404, 413 (6th Cir. 2006) (citing *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997)); Fed. R. App. P. 10(e); *United States v. Moncier*, 2:07-cr-40 (E.D. Tenn. Apr. 22, 2008) (Court File No. 78). "The purpose of the rule is to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S&E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982); *see also United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987) (explaining the purpose of the rule is "not to facilitate collateral attacks on the verdict").

In addition, if parts of the proceeding were not recorded, Rule 10 provides a method for supplementing the record. In particular, Rule 10(c) provides "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. App. P. 10(c). The appellee may then serve objections or proposed amendments within 14 days of being served. *Id.* It is then within the discretion of the district court to approve such statements and amendments. *Id.*; *see also United States v. Cornell*, 162 F. App'x 404, 413 (6th Cir. 2006) ("When a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable.").

## II.     DISCUSSION

### A.     Jury Instructions

The Court reserved ruling on three of Defendant's requests regarding proposed jury charges. Specifically, the Court reserved ruling on Defendant's request to include as part of the record (a) a

2

list of fifty-five proposed mitigating factors submitted by the defense to the Court on October 6, 2008; (b) a list of thirty-five proposed mitigating factors submitted by the defense on October 10, 2008; and (c) Defendant's request for revisions to the penalty-phase jury instructions and verdict form. Rather than immediately grant or deny the request, the Court gave Defendant an opportunity to respond to the Court's concerns about the authenticity and accuracy of the three proffered documents.

With respect to the first two documents, Defendant argues the Court should include these lists in the record for several reasons. Based on the personal recollection of Defense counsel, Defendant contends the lists are copies of the original documents submitted at trial. One of Defendant's trial attorneys, Leslie Cory, also now serves as appellate counsel. Ms. Cory claims she emailed the lists to the Court's law clerk at the time, and she kept contemporaneous time sheets reflecting that these actions were performed. She does not contend these documents were ever electronically filed with the Court. Finally, Defendant refers to places in the transcript where the Court discussed the lists with counsel.

While the Court has carefully considered Defendant's arguments, the Court is still in a difficult position because it has no other way of verifying the authenticity or accuracy of the documents that Defendant wants entered into the record. The Court offered the parties an opportunity to stipulate to documents where issues of accuracy or authenticity were not at issue. However, as noted by Defendant in a footnote of his brief, when the Government was contacted about the lists, the trial assistants informed Defendant "they could not stipulate because they have no recollection one way or the other about the matter" (Court File No. 926 at 3). Finally, although the transcript indicates that there were discussions about the lists, the Court cannot verify that

3

everything contained in the documents now submitted by Defendant was presented to the Court at trial.[1] Accordingly, the Court will **DENY** Defendant's request to include as part of the record the list of fifty-five proposed mitigating factors submitted by the defense to the Court on October 6, 2008, and the list of thirty-five proposed mitigating factors submitted by the defense on October 10, 2008.

With respect to the third document, the Court similarly reserved ruling to allow the parties additional time to brief the issue or stipulate that the document offered by Defendant was the document offered at trial. Unlike with the first two documents, the Government has stipulated to the authenticity of Appendix A-6, Defendant's Requests for Revisions to the Penalty Phase Jury Instructions and Verdict Forms (Court File No. 926-1). Accordingly, the Court **GRANTS** Defendant's request. The Clerk of the Court is ordered to include this document (Court File No. 907-3) as a part of the record.

### B. Written Communications from Jurors

#### 1. Issues Between Prospective Jurors and Employers

Defendant sought to have the Court file, under seal, written communication between jurors and the Court regarding certain jurors and their employers. The Court reserved ruling on this issue because Defendant failed to provide an adequate explanation as to why these communications should be filed electronically, especially when Defendant already had access to them. In Defendant's

---

[1] The Court has the utmost confidence in Ms. Cory and if she says a document is what she says, the Court takes her at her word. She is a person of the highest integrity. If the standard was whether the Court believed and trusted Ms. Cory, it would be a simple matter. However, as the Court understands the standard, the Court is being asked to certify on the basis of its personal knowledge that the evidence is what it purports to be. The Court's personal recollection does not permit it to reach this conclusion.

supplemental brief, he states that electronic filing of these documents would be useful, "obviating the need for an extensive appendix; but, admittedly, it is not essential" (Court File No. 926 at 10). The Court concludes Defendant has failed to provide sufficient grounds to support his request for electronic filing of the written communications under seal. Accordingly, the Court **DENIES** Defendant's request.

### 2. Individual Circumstances

Defendant also requested that the Court file, under seal, notes and communication from prospective jurors regarding their individual circumstances. In particular, Defendant requests communications dated August 10, 2008; August 19, 2008; August 25, 2008; and September 16, 2008. The Court reserved ruling ordering that Defendant explain why this material is necessary for the Court of Appeals to understand the issues raised by Defendant on appeal. In his supplemental brief, Defendant vaguely states that the communications may contain relevant information, but fails to offer any other information to convince the Court that electronic disclosure of the documents is necessary. Accordingly, Defendant's request to have the communications filed electronically is **DENIED**.

Defendant also contends he previously inspected case materials at the Clerk's Office and, at that time, discovered the aforementioned communications, which had not previously been made available. Defendant requests permission to make copies of the communications. He also contends that he can provide names to identify the specific juror communications needed. Given the limited nature of the request and the fact that Defendant has already had an opportunity to inspect the identified documents, which should minimize the burden Defendant's request will impose on the Clerk's Office, the Court will **GRANT** Defendant's request. The Clerk's Office is **ORDERED** to

5

give Defendant access to the communications from prospective jurors regarding their individual circumstances dated August 10, 2008; August 19, 2008; August 25, 2008; and September 16, 2008, so that Defendant can make copies. To protect the jurors' privacy, all personal identifiers, including names and personal information, must be redacted.

### C. Disputed Discovery: Joey Marshall's 302 Interviews

Finally, Defendant seeks to have Joey Marshall's two 302[2] interviews included as part of the record. The Court reserved ruling for Defendant to explain whether this evidence had previously been presented to the Court. Defendant admits in his response that the interviews had not been admitted into evidence or brought before the Court at trial. However, Defendant argues the interviews should still be added to the record because they would assist the appellate court in better understanding the nature and significance of some of the disputed issues.

As noted earlier, "the purpose of [Fed. R. App. P. 10(e)] is to permit correction of 'omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" *S&E Shipping Corp.*, 678 F.2d at 641. This is because, "in general, the appellate court should have before it the record and facts considered by the District Court." *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). Here, Defendant's request is neither an "omission" or a "misstatement" of what actually happened in the district court proceedings. Instead, Defendant seeks to introduce new evidence that was not presented to the district court and is outside the scope of Rule 10(e). Accordingly, the Court **DENIES** Defendant's request.

---

[2] This is a reference to a Federal Bureau of Investigation ("FBI") form that agents use to record their recollections of interviews with witnesses or subjects. The form number is FB-302.

6

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART and DENY IN PART** the remaining requests in Defendant's motion to unseal record material and to obtain a complete record on appeal (Court File No. 906).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

7

Case 1:04-cr-00160-CLC-CHS   Document 939   Filed 08/28/12   Page 7 of 7   PageID #: 8910