UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA          )
      Plaintiff,                )          Case No.  1:04-CR-160-1
                                )          U. S. District Judge Curtis L. Collier
V.                                )
                                )
REJON TAYLOR                       )
      Defendant.                )

## MOTION FOR APPOINTMENT OF NEW COUNSEL
## FOR PURPOSES OF PURSUING RELIEF UNDER 18 U.S.C. § 2255

By undersigned counsel, Movant, REJON TAYLOR, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court to appoint new counsel, pursuant to 18 U.S.C. § 3599(a) (2), to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.  Mr. Taylor requests that the appointment be made effective if and when the Supreme Court denies his pending petition for writ of certiorari in *Taylor v. United States*, Case No. 16-6392.  Specifically, Mr. Taylor requests that the Court appoint for his post-conviction proceedings local counsel Gene Shiles, a private attorney and member of the Chattanooga bar, together with the Federal Public Defender for the Middle District of Tennessee, Henry A. Martin, who would assign the case to a team of lawyers in his capital habeas unit. All attorneys are members in good standing of the bar of the State of Tennessee. Mr. Shiles has indicated that he is willing to accept an appointment in this case,

1

contingent on the appointment of the Middle District FPD.[1] Mr. Taylor wishes to retain his current counsel until such time as preparation of the filing of a motion under 28 U.S.C. § 2255 becomes necessary and requests the new appointment be made effective if and when the United States Supreme Court denies his pending petition for writ of certiorari.

Current counsel Barry J. Fisher and Leslie A. Cory have consulted with Elizabeth Ford, the Federal Community Defender for Federal Defender Services of Eastern Tennessee, Inc. ("FDSET"), to identify qualified post-conviction counsel for Mr. Taylor.[2] They are authorized to represent that Ms. Ford recommends the appointment of the Federal Public Defender for the Middle District of Tennessee as co-counsel with local counsel, Mr. Shiles. In addition to consulting with Ms. Ford and obtaining her recommendation, counsel for Mr. Taylor have consulted with Mr. Martin and Mr. Shiles, as well as with the Federal Capital Habeas Project, which was created by the Administrative office of the U.S. Courts in 2006 to help identify

---

[1] Mr. Shiles represents that he does not believe he could provide representation for Mr. Taylor, especially within the one-year statute of limitations for filing, absent the resources of that office.

[2] In other circumstances, the Eastern Tennessee Federal Public Defender with its capital habeas unit would have been well placed to assume representation of Mr. Taylor. Mr. Taylor was arrested in late October of 2004. Ms. Ford advises that her office was appointed to represent a defendant in an unrelated matter on December 23, 2004. However, during the capital case, that defendant became a key potential witness against Taylor, thus creating a conflict of interest precluding representation here. Undersigned counsel has been informed that, not surprisingly, this situation is common in capital § 2255 cases because the in-district defender frequently has a conflict due to representation at trial of either the prisoner himself or of a witness or coconspirator. For that reason, and because of the size of these federal death penalty cases, undersigned counsel has been informed that an out-of-district defender with similar expertise is often appointed in post-conviction. Due to the size and complexity of federal capital post-conviction cases, and because of the significant resources necessary for investigating and presenting all possible claims in the one-year statute of limitations period, district courts have, in 23 of the 25 cases currently in § 2255 proceedings, appointed Federal Defender offices. According to the Federal Capital Habeas Project, which tracks data on all pending federal capital post-conviction cases, each of these 23 Federal Defender Offices are appearing out of district. The Federal Defender offices are well equipped with legal and ancillary staff to meet the unique needs of these cases.

qualified counsel for appointment in capital 2255 cases. Counsel base this motion on information obtained from these sources, as well as upon personal knowledge.

Proposed post-conviction counsel would be able to provide suitable and cost-effective representation in this case. Attorneys Fisher and Cory are informed that the Federal Public Defender for the Middle District of Tennessee has been appointed to represent capital post-conviction petitioners in this district on other occasions and employs lawyers who are members of the bar of this district as well as members of the bar of the United States Court of Appeals for the Sixth Circuit. *See Morris v. Bell*, No. 2:99-cv-424, Court Document 7 (Appointment Order); *Dellinger v. Bell*, No. 3:09-cv-104, Court Document 16 (appointing Middle District FPD where FDSET had conflict of interest); *Matson v. Dutton*, No. 1:89-cv-00264. The Middle District office has a Capital Habeas Unit, which employs eight lawyers,[3] six investigators, four paralegals, and two legal assistants. Its familiarity with capital and habeas law, including in § 2255s, would enable it to begin immediately if appointed without needing to become familiar with the governing jurisprudence.

## MEMORANDUM IN SUPPORT OF MOTION
## FOR APPOINTMENT OF 28 U.S.C. § 2255 POST-CONVICTION COUNSEL

In support of this motion, Mr. Taylor states the following:

1)      Movant Rejon Taylor is an indigent federal prisoner condemned to die pursuant to the judgment entered in this Court on December 3, 2008. *United States v. Taylor*, 1:04-cr-160. (Judgment, Court Document 790.). The United States Court

---

[3] The least experienced lawyer in the office has seven years of death penalty experience. Most of the lawyers have ten or more years' experience.

Case 1:04-cr-00160-CLC-CHS    Document 966    Filed 07/06/17    Page 3 of 12
PageID #: 10183

of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. *United States v. Taylor*, Case No. 09-5517, 814 F.3d 340 (6th Cir. 2016). Mr. Taylor's petition for *certiorari* is currently pending before the United States Supreme Court. *Taylor v. United States*, Case No. 16-6392. The Government's brief in opposition was filed June 30, 2017. If the petition is denied, as is generally the case,[4] Mr. Taylor will have just one year in which to file a motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f) (providing a "1-year period of limitation" from the date on which judgment of conviction and sentence become final on direct appeal, to motions under § 2255).

2) Mr. Taylor remains financially unable to obtain counsel or other resources necessary to pursue § 2255 relief. *See United States v. Taylor*, (Detention Hearing Minutes, Court Document 6) (appointing CJA counsel to represent Mr. Taylor at trial); *see also* (ORDER, Court Document 840).

*Appointment of Counsel in Capital* § *2255 Proceedings*

3) By virtue of his indigent status, Mr. Taylor is entitled to the assistance of qualified counsel during the investigation and preparation of a motion to vacate, set aside, or correct sentence pursuant to § 2255. Under 18 U.S.C. § 3599(a)(2), any defendant in a post-conviction proceeding seeking to vacate or set aside a sentence of death, "who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the

---

[4] The United States Supreme Court grants fewer than 100 petitions for *certiorari* each term out of roughly 8,000 applications. *See The Justice's Caseload*, SUPREME COURT OF THE UNITED STATES, www.supremecourt.gov/about/justicecaseload.aspx (last visited July 5, 2017).

4

appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." Interpreting identical language in § 3599(a)(2)'s predecessor,[5] the Supreme Court recognized Congress's intent to guarantee capital defendants "preapplication legal assistance" in the preparation and filing of any application for capital post-conviction relief. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). In so doing, the Court made clear that the right to meaningful review of capital post-conviction claims hinges on the timely appointment of counsel to investigate those claims, navigate procedural hurdles, and leverage pre-filing resources on the inmate's behalf. *See, e.g., id.* at 855 ("services of investigators and other experts may be critical in the preapplication phase of a habeas corpus proceeding").

4) In order to ensure that the prisoner receives the full year under the statute,[6] undersigned counsel is informed that district courts in capital § 2255 cases have generally been appointing counsel while the petition for writ of *certiorari* on direct appeal is still pending before the United States Supreme Court.[7] Because

---

[5] *See* USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109–177, 120 Stat. 231, § 222(a) (2006) (recodifying 21 U.S.C. § 848(q) (4)-(10) at 18 U.S.C. § 3599).

[6] Unlike in § 2254 cases, there is no tolling of the time for any state post-conviction process in § 2255 proceedings.

[7] *See, e.g., Umana v. United States*, 135 S. Ct. 2856 (2015) (denying cert. June 22, 2015); *United States v. Umana*, No. 3:08-CR-00134 (W.D. NC June 3, 2015) (appointing counsel conditional on denial of cert.); *Lighty v. United States*, 132 S. Ct. 451 (2011) (denying cert. Oct. 17, 2011); *United States v. Lighty*, No. 8:03-cr-00457-PJM-1 (D. Md. May 17, 2011) (appointing counsel); *Snarr v. United States*, 134 S. Ct. 1274 (2014) (denying cert. Feb. 24, 2014); *United States v. Snarr*, No. 1:09-cr-00015-MAC-KFG-1 (E.D. Tex. Dec. 20, 2013) (R. Doc. 424) (appointing counsel); *Garcia v. United States*, 134 S. Ct. 1273 (2014) (denying cert. Feb. 24, 2014); *United States v. Garcia*, No. 1:09-cr-00015-MAC-KFG-2 (E.D. Tex. Dec. 20, 2013) (appointing counsel); *Caro v. United States*, 132 S. Ct. 996 (2012) (denying cert. Jan. 9, 2012); *United States v. Caro*, No. 1:06-cr-00001 (W.D. Va. May 11, 2011) (R. Doc. 768) (appointing counsel); *Ebron v. United States*, 134 S. Ct. 512 (2013) (denying cert. Nov. 3, 2013); *United States v. Ebron*, No. 1:08-cr-00036-MAC-ESH (E.D. Tex. March 12, 2013) (R. Doc. 309) (appointing counsel); *Basham v. United States*, 560 U.S. 938 (2010) (denying cert. June 1,

appointment does not take effect unless and until certiorari is denied, it does not interfere with the appellate process.

5)  At present, Mr. Taylor has no counsel appointed for the purpose of investigating, preparing, and filing his § 2255 motion. Current counsel Barry Fisher and Leslie Cory were appointed for purposes of the direct appeal but cannot represent Mr. Taylor in post-conviction proceedings.[8] As is the established practice in federal death penalty cases nationwide, these attorneys have conferred and now file this appointment motion to provide Mr. Taylor with qualified counsel and adequate time to properly prepare his capital § 2255 motion to assure a smooth transition to the post-conviction legal team and to protect Mr. Taylor's constitutional rights.[9]

6)  Consistent with well-established practice, the Court should appoint two attorneys to represent Mr. Taylor in his § 2255 proceedings. Section 620.10.20 in volume 7 of the CJA Guidelines provides, "judicial officers should consider appointing at least two attorneys" in capital 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings[.]" *Ch. 6: Federal*

---

2010); *United States v. Basham*, No. 4:02-cr-0092-JFA (D.S.C. Sept. 18, 2009) (R. Doc. 1247) (appointing counsel conditional on denial of cert.); *Fell v. United States*, 559 U.S. 1031 (2010) (denying cert. March 22, 2010); *United States v. Fell*, No. 5:01-cr-00012-gwc-1 (D. Vt. Dec. 17, 2009) (appointing counsel) (R. Doc. 278); *Johnson v. United States*, 555 U.S. 828 (2008) (denying cert. Oct. 6, 2008); *United States v. Johnson*, No. 01-cr-3046-MWB (N.D. Iowa Aug. 11, 2008) (R. Doc. 749) (appointing counsel).

[8] Mr. Taylor is entitled to explore claims that he received constitutionally ineffective counsel at trial and on appeal. Current counsel cannot investigate and litigate their effectiveness as counsel. *Sanchez v. United States*, Case No. 9:16-cv-80693-BB, (S.D. Florida 2/27/2017) (R. Doc. 63, Order) citing *Christeson v. Roper*, 135 S.Ct. 891 (2015) and *Maples v. Thomas*, 132 S.Ct. 912, 925, n. 8 (2012).

[9] 18 U.S.C. § 3599(e) provides that counsel in capital cases may be "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant[.]" Proposed counsel are "similarly qualified."

*Death Penalty and Capital Habeas Corpus Representation*, UNITED STATES

COURTS, http://www.uscourts.gov/rules-policies/judiciary-policies/cja-

guidelines/chapter-6-ss-620-appointment-counsel-capital-cases#a620_50

http://www.uscourts.gov/FederalCourts/ (last visited May 2, 2017). Undersigned

counsel is informed that federal district courts across the country have routinely

approved the appointment of two attorneys or more in capital § 2255 cases:[10]

indeed, all death row prisoners litigating their § 2255 motions in district court have

at least two attorneys representing them. Here, Mr. Shiles will serve the role as

local counsel and work with the Middle District Federal Defender Capital Habeas

Unit to minimize costs.

> 7)  This case will be no less complex or demanding than other federal
capital post-conviction cases across the country. Post-conviction counsel will need to
review the Government's evidence against Mr. Taylor and conduct their own
investigation before a § 2255 motion can be filed. *See* ABA Guidelines for the
Appointment and Performance of Defense Counsel in Death Penalty Cases
10.15.1.E.4, p.168 (rev. ed. 2003) ("Post-conviction counsel should fully discharge
the ongoing obligations imposed by these Guidelines including the obligations to…
continue an aggressive investigation of all aspects of the case."); *see also, e.g.,*
*Rompilla v. Beard*, 545 U.S. 374 (2005) (trial counsel deemed ineffective for failing

---

[10] *See, e.g., supra* note 7 and cases cited therein; *see also, e.g., United States v. Barnette*, No. 3:97-cr-00023-RLV-1 (W.D.N.C. May 22, 2012) (R. Doc. 683) (three attorneys); *United States v. Gabrion*, No. 1:99-cr-00076-RHB-1 (W.D. Mich. April 29, 2014) (R. Doc. 730) (two attorneys); *United States v. Hager*, No. 1:08-cr-00036-MAC-ESH-1 (E.D. Tex Sept. 11, 2014) (R. Docs. 311, 312) (two attorneys).

to review aggravating evidence that contained undiscovered mitigation).[11] Mr. Taylor's case involved the investigation of two crime scenes, located in different cities (Chattanooga/Collegedale, Tennessee and Atlanta, Georgia), interviews with witnesses in both locales, review and analysis of a large volume of forensic evidence, and the need to unravel conflicting versions of a confusing factual background, often times offered by less-than-forthcoming witnesses.  In addition, post-conviction counsel will need to investigate Mr. Taylor's history and background for possible mitigating evidence that was missed at the time of trial. And, of course, post-conviction counsel will need to review the trial and appellate record.

8)    Undersigned counsel is informed that Henry A. Martin has been the Federal Public Defender for the Middle District of Tennessee for 32 years, that Mr. Martin has advised the Chief Judge of the Middle District of this proposed appointment, and that he had no objection.  Mr. Martin employs a well-qualified

---

[11] Undersigned counsel is informed that post-conviction investigation in capital § 2255s around the country has led to the discovery of exculpatory evidence that should have been disclosed or prejudicial omissions on the part of trial counsel that necessitated a new trial or sentencing. *See David Jackson v. U.S.*, No. 1:09-cv-01039-RC, Doc. 170 (E.D. Tex. Mar. 21, 2013) (joint proposed findings of fact); id. at Doc. 172 (E.D. Tex. Mar. 25, 2013) (vacating judgment of death in 2255 proceeding after USA, in violation of Brady v. Maryland, failed to disclose BOP-diagnosed client as suffering from schizophrenia); *United States v. David Paul Hammer,* 404 F. Supp. 2d. 676 (M.D. Pa. 2005) (Brady violation and new sentencing hearing ordered in 2255 proceeding based on information in USA's possession that would have supported defendant's contention that ropes he made, which prosecution relied on as evidence of intent to kill, were actually created for purpose of consensual sexual activity and not strangulation); *United States v. Darryl Johnson*, No. 02 C 6998, 2010 U.S. Dist. LEXIS 133727 (N.D. Ill. December 13, 2010) (Memorandum Opinion and Order) (new sentencing hearing ordered on 2255 claim that trial counsel should have presented readily available evidence that would have rebutted USA expert's misleading testimony that BOP had no ability to restrict defendant in manner that would alleviate risk he could re-offend in prison); *United States v. Angela Johnson*, 860 F. Supp. 2d 663 (N.D. Iowa 2012) (sentencing relief granted where trial counsel failed to pursue mitigating evidence relating to defendant's mental state and her behavior at time of offense, which trial counsels' experts had identified in initial testing); *United States v. Richard Stitt*, 369 F.Supp.2d 679 (E.D. Va. 2005) (sentencing relief granted where trial counsel's conflict of interest caused him to fail to request appointment of experts).

staff of attorneys whose sole job is the representation of capital post-conviction petitioners. Section 620.50 in Volume 7 of the CJA Guidelines instructs: "In appointing post-conviction counsel in a case where the defendant is sentenced to death, courts should consider the attorney's experience in federal post-conviction proceedings and in capital post-conviction proceedings, as well as the general qualifications identified in § 620.30 and § 620.60.20." http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-6-ss-620-appointment-counsel-capital-cases#a620_50 (last checked May 2, 2017).

9) Appointment of the Federal Public Defender for the Middle District of Tennessee as co-counsel will help contain the costs associated with capital § 2255 litigation, while providing Mr. Taylor with experienced and qualified post-conviction counsel. Undersigned counsel is informed that, because of their size – the federal offense in one jurisdiction, the prisoner's background witnesses in another, and the client himself in a third, in addition to the scattering of witnesses – federal capital § 2255 cases tend to require considerably more resources and are considerably more expensive than capital § 2254 cases arising from state court convictions. Representation by federal defender organizations has proved cost-effective in § 2255 cases because of their in-house resources, staffing, and infrastructure, all of which facilitate the management and processing of voluminous records and the handling of multiple tasks within short periods of time. Moreover, the fact that any necessary investigators and experts will be paid out of the Defender's budget will greatly simplify the administrative burden on the Court as well as its budgeting process.

Here, the Middle District Office is geographically central to the prison where Mr. Taylor is housed (Terre Haute, Indiana) as well as the locations of the offense (Atlanta, Georgia and Collegedale, Tennessee).

10)     Appointment of the Defender for the Middle District of Tennessee would be appropriate for other reasons as well.  Undersigned counsel is informed that the Middle District FPD has worked with Mr. Shiles in other litigation contexts. As a result, members of the proposed team are familiar with one another. Mr. Shiles has practiced in the Chattanooga Division of the Eastern District of Tennessee for well over 15 years and is very familiar with the practices, procedures, and preferences of the Court in the Chattanooga Division.  In his capacity as a CJA attorney, he has obtained extensive experience in federal criminal law. Mr. Shiles has worked on one capital habeas petition in this Division (*Billy R. Irick v. Carpenter*, No. 3:98-cv-666).   If appointed, Mr. Martin will assign counsel from his capital habeas unit with both extensive capital habeas § 2254 and post-conviction § 2255 expertise to ensure the case is properly staffed.

11)     Undersigned counsel has met with Mr. Taylor to discuss the appointment of the Middle District Federal Public Defender and Mr. Shiles for his representation in 28 U.S.C. § 2255 proceedings, and he too requests their appointment in his case.

WHEREFORE, for these and for any other reasons appearing to the Court, Mr. Taylor respectfully requests that the Court appoint local counsel, Mr. Gene Shiles, and the Federal Public Defender for the Middle District of Tennessee as

counsel in seeking relief under § 2255 and all available post-conviction remedies, said appointment to take effect if and when the United States Supreme Court denies Mr. Taylor's pending petition for writ of certiorari.

Respectfully submitted,

s/ Leslie A. Cory
Leslie A. Cory, BPR# 022055
Attorney for Defendant
P.O. Box 11320
Chattanooga, TN 37401
Tel. (423) 756-9242

Case 1:04-cr-00160-CLC-CHS    Document 966    Filed 07/06/17    Page 11 of 12
PageID #: 10191

## CERTIFICATE OF SERVICE

Counsel hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Leslie A. Cory
Leslie A. Cory, BPR# 022055
P.O. Box 11320
Chattanooga, TN  37401
(423) 756-9242

12