| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 1:04-CR-160-1 |
| | ) | U. S. District Judge Curtis L. Collier |
| REJON TAYLOR | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR CONTACT VISIT FOR NEUROLOGICAL EVALUATION FILED *EX PARTE* AND UNDER SEAL

Defendant REJON TAYLOR, by and through undersigned counsel, has respectfully moved this Court to allow Mr. Taylor to be evaluated, at an in-person contact visit, by neurologist, Dr. Siddhartha Nadkarni.

In support of his motion, Mr. Taylor respectfully submits the following.

1. The United States Supreme Court in *McFarland v. Scott*, 512 U.S. 849 (1994), recognized the jurisdiction of the federal district court to grant pre-petition relief to inmates who are in the process of investigating and preparing a motion for collateral or habeas relief. As the sentencing Court, this Court has jurisdiction over Mr. Taylor's request pursuant to 28 U.S.C. § 2255, and not the federal court in the jurisdiction in which he is confined. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) ("The purpose and effect of the statute was…to make postconviction proceedings more efficient. It directed claims not to the court that had territorial jurisdiction over the place of the

1

petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case.").[1]

2. At this juncture, Mr. Taylor is not challenging the execution of his sentence nor the manner under which he is confined pursuant to 28 U.S.C. § 2241, rather he is requesting the opportunity to develop potential claims for relief pursuant to § 2255 and to present a defense. Cf. *Powell v. Alabama*, 287 U.S. 45 (1932) (due process requires defendant right to prepare defense); *Ake v. Oklahoma*, 470 U.S. 68 (1985) (due process requires indigent defendant meaningful access to justice, including funding and access to mental health expert to prepare defense).

3. An Attorney Advisor at the United States Penitentiary in Terre Haute ("USP Terre Haute") informed undersigned counsel that it is the Warden's practice to require a court order for outside expert evaluations to take place inside the institution. The counselor in charge of scheduling such visits has requested that undersigned counsel seek expedited consideration of the motion.

4. Since USP Terre Haute instituted this practice a few years ago, federal courts in other jurisdictions have routinely granted similar requests for contact visits with experts from Section 2255 Movants confined at the facility. *See Ricardo Sanchez, Jr. v. United States*, 9:16-80693 (S.D. Fla.). However, given that these requests and orders are filed under seal as to not reveal the defense strategy in § 2255 proceedings,

---

[1] In adding § 2255 to the habeas statute, Congress intended to relieve the burden on federal judges in the jurisdictions where most federal prisoners were confined (California, Georgia, Kansas, and Washington, D.C.). *See* Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th ed., Vol. II, § 41.2[a]. Accordingly, "Congress directed federal criminal prisoners to file [§ 2255] postconviction petitions in the sentencing courts…" *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Case 1:04-cr-00160-CLC-CHS Document 1003-1 SEALED Filed 03/06/19 Page 2 of 7 PageID #: 10346

undersigned counsel is not able to cite to each of them, but is aware of them based on information and belief.[2]

5. It is incumbent on capital habeas counsel to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief." *McCleskey v. Zant*, 499 U.S. 467, 498 (1991). This includes a neurological evaluation to develop and contextualize mental health evidence in connection with claims Mr. Taylor is developing in his motion for collateral relief under § 2255.

6. With limited exception, Mr. Taylor must raise his cognizable § 2255 claims within the one-year statute of limitations period that § 2255(f) imposes. As such, Mr. Taylor must investigate, develop, and raise these claims on or before May 14, 2019 when his application for relief from his conviction and death sentence is due before this Court. *See Taylor v. United States*, 138 S. Ct. 1975 (2018) (denying petition for writ of *certiorari*, reh'g denied, 138 S. Ct. 2646 (2018)).

7. The ABA Guidelines instruct counsel in death penalty cases to fully investigate and develop all possible avenues for relief, including obtaining the assistance of experts. *See also* ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, 2003, Guideline 4.1 (The Defense Team and Supporting Services), Guideline 10.7 (Investigation), Guideline 10.15.1 (Duties of Post-Conviction Counsel). Accordingly, "[i]t is critically important…that each jurisdiction…enable counsel in capital cases to conduct a thorough investigation for

---

[2] In preparing these filings, undersigned counsel conferred with attorneys in other jurisdictions representing clients serving federal death sentences at Terre Haute who have arranged for expert evaluations within the facility.

3

…post-conviction…and to procure and effectively present the necessary expert witnesses…" Guidelines 4.1, commentary. "In particular, mental health experts are essential to defending capital cases." *Id.*

8. Dr. Siddhartha Nadkarni is a neurologist licensed in multiple jurisdictions. He is a Professor at New York University Medical School. He is also a treating neurologist. He is an expert in the evaluation and testing for neurological disorders and impairment.

9. Dr. Nadkarni has agreed to assist Mr. Taylor's attorneys with recognizing, identifying, and presenting relevant evidence in support of Mr. Taylor's motion for relief under § 2255. The evaluation will enable Dr. Nadkarni to assist counsel with these efforts. It will also enable Dr. Nadkarni to prepare to provide related testimony if, and when, that becomes appropriate.

10. In order to conduct a full and complete evaluation of Mr. Taylor, Dr. Nadkarni will need to spend time in direct contact with Mr. Taylor, including time for in-person interviews and other components of his evaluations. Subsequent visits will be scheduled as needed through the USP process at times and dates coordinated with and approved by the USP.

11. Mr. Taylor is regularly permitted to have contact visits with his defense team. The USP Terre Haute Attorney Advisor informed undersigned counsel that subject any security emergency, Mr. Taylor will be permitted to have a contact visit with Dr. Nadkarni. The USP Terre Haute Attorney Advisor further informed counsel that they

Case 1:04-cr-00160-CLC-CHS Document 1011 Filed 03/07/19 Page 4 of 7 PageID #: 10393

can and will remove Mr. Taylor's restraints during portions of the evaluation when it requires Mr. Taylor to move unencumbered at the Court's permission.

12. Dr. Nadkarni anticipates the need to bring a laptop computer, paperwork, testing booklets and cards, and writing utensils into the visiting area. These materials will be subject to inspection at the time of his visit. USP Terre Haute has permitted experts conducting evaluations to bring such materials into the Special Housing Unit ("SHU") visiting area where Mr. Taylor's evaluation would occur.

13. In order to avoid revealing Mr. Taylor's legal strategy and/or theory and/or privileged information to the Government prematurely, Mr. Taylor, through undersigned counsel, requests that the authorities at USP Terre Haute be instructed that all aspects of Dr. Nadkarni's visit, including but not limited to his identity, purpose of his visit, and the Court's order are to remain confidential and may not be shared with anyone at the Federal Bureau of Prisons, the United States Department of Justice, the United States Attorney's Office or anyone else other than those officials directly involved in arranging the visit.

14. For the same reasons of confidentiality and avoiding premature revelation of legal strategy to the Government, Mr. Taylor, by and through counsel, also respectfully requests that the Court order the District Clerk to file all motions, documents, and exhibits submitted in connection with this application under seal and *ex parte*, and that the Court hold these documents *in camera* for review exclusively by the Court.

Case 1:04-cr-00160-CLC-CHS Document 1003-1 *SEALED* Filed 03/06/19 Page 5 of 7 PageID #: 10349

15. Although *ex parte* filings are generally disfavored, Mr. Taylor requests the Court to file this motion *ex parte* to protect against premature disclosure of his legal strategy and privileged information. *See In re Boston Herald, Inc.*, 321 F.3d 174, 179 (1st Cir. 2003) (recognizing need for expert determinations to be made *ex parte* to prevent disclosure of defense strategy to prosecution); *U.S. v. Sampson*, 82 F. Supp. 3d 502, 517 (D. Mass. 2014) (noting that requests for experts are appropriately filed *ex parte* and under seal to protect the confidentiality of defense strategy in § 2255 proceedings).

16. Under the Criminal Justice Act ("CJA"), § 3006a(e)(1) provides a vehicle for indigent defendants to request funding for investigative, expert, or other necessary services *ex parte*. Such a provision is necessary for indigent defendants, who but for their indigency, would not have to disclose their pursuit of expert assistance in developing their defense. However, Mr. Taylor – though indigent – need not request funding from this Court to finance his defense. Instead, Mr. Taylor's defense is funded through the Office of the Federal Public Defender's annual CJA budget, which accounts for expert expenses. Therefore, but for Terre Haute's practice of requiring a court order for expert visits, Mr. Taylor would not be required to disclose the fact that he seeks an expert evaluation nor the expert's identity during this investigatory phase of post-conviction proceedings. However, given the facility's policy, Mr. Taylor respectfully requests this Court to allow him to file this request *ex parte*.

17. Consistent with prior Orders in this case, Mr. Taylor requests that these filings and orders remain under seal for one year. If, after eleven months have passed,

Case 1:04-cr-00160-CLC-CHS Document 1011 Filed 03/07/19 Page 6 of 7

Mr. Taylor believes that the pleadings and Orders should remain under seal, he will file the appropriate motion with the Court.

Dated: March 06, 2019

RESPECTFULLY SUBMITTED,

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit

/s/ Amy D. Harwell
Amy D. Harwell, BPR # 018691
Assistant Chief, Capital Habeas Unit
Office of the Federal Public Defender
for the Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis Hoag
Alexis Hoag, BPR #028712
Senior Counsel
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
ahoag@naacpldf.org

*Counsel for Defendant*

Case 1:04-cr-00160-CLC-CHS Document 1611 SEALED Filed 03/07/19 Page 7 of 7
Case 1:04-cr-00160-CLC-CHS Document 1603-1 SEALED Filed 03/06/19 Page 7 of 7 PageID #: 10385
PageID #: 10351