# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

UNITED STATES OF AMERICA,  )
                           )
          Plaintiff,       )
                           )     Case No. 1:04-cr-160-1
     v.                    )     U.S. District Judge Curtis L. Collier
                           )
                           )
REJON TAYLOR,              )
                           )
          Defendant.       )

## REPLY IN SUPPORT OF DEFENDANT'S
## MOTION FOR LEAVE TO CONTACT JURORS

Rejon Taylor, by and through undersigned counsel, hereby replies to the Government's Response in Opposition to Defendant's Motion for Leave to Contact Jurors, filed on April 8, 2019. (Doc. 1027). On March 25, 2019, Defendant filed a Motion for Leave to Contact Jurors and a Memorandum in Support. (Docs. 1022, 1023).

## ARGUMENT

Rejon Taylor has met the low bar established by Rule 6(a) of the Rules Governing Section 2255 Proceedings, which permits this Court to grant discovery upon a showing of good cause. In his Memorandum in Support, Mr. Taylor demonstrated that discovery will assist him in fully developing his claims of juror bias, juror misconduct, and related ineffective assistance of counsel. (Doc. 1023, pp. 7-14, PageID #10423-30). The Government's response erroneously argues the merits of Mr. Taylor's juror bias claim, which he has not yet raised nor fully marshaled

1

evidence in support. The issue before the Court is not whether Mr. Taylor prevails on his juror bias claim, but rather, has Mr. Taylor made the requisite good cause showing that contacting the jurors would assist him in fully developing the claim. *See United States v. Thompson*, No. 02-80631, 2009 WL 398102 (E.D. Mich. Feb. 17, 2009) (granting defendant's discovery request pursuant to Rule 6 of Rules Governing Section 2255 Proceedings where good cause exists). Instead, the Government skips this threshold step. *See Wellons v. Hall*, 558 U.S. 220, 223 (2010) (vacating denial of habeas relief in capital case and remanding to lower court to determine whether discovery and evidentiary hearing are warranted to develop juror partiality claim).

To encourage this Court to deny Mr. Taylor's discovery request, the Government relies on several non-capital cases involving juror bias, none of which address discovery under Rule 6 of the Rules Governing Section 2255 Proceedings. *See* Doc. 1027, p. 14, PageID #10458-59. As such, these cases do not provide persuasive authority regarding whether this Court should grant Mr. Taylor leave to investigate and develop evidence in support of a juror bias claim in his capital case. *See Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) ("[T]he penalty of death is qualitatively different from a sentence of imprisonment…Because of that qualitative difference, there is a corresponding difference in the need for reliability….").

In *United States v. Blackwell*, the Sixth Circuit affirmed the lower court's ruling that the defendant was not entitled to a motion for new trial in a conspiracy

case. 459 F.3d 739, 769 (6th Cir. 2006). The court further chastised defendant for attempting to introduce new evidence in a motion for new trial; whereas, here, Mr. Taylor seeks to *obtain* evidence to support a claim for relief. *Id.* A motion for new trial was also at issue in *United States v. Caldwell*, 83 F.3d 954, 956 (8th Cir. 1996), where the defendant was convicted of trafficking vehicles. In *Caldwell*, a case that predates *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), the Court held that Rule 606(b) prevented the defendant from presenting proof regarding the jury's "intrajury communications." *Id.* at 956. Even with the benefit of *Peña-Rodriguez*, the petitioner in *Caldwell* would not have prevailed because the nature of juror misconduct did not involve racial bias, which exists in Mr. Taylor's case. Similarly, the court in *United States v. Sabhani*, 529 F. Supp. 2d 384, 394 (E.D.N.Y. 2008), in which defendant was convicted of forced labor, holds that 606(b) prevented the court from considering juror evidence regarding their alleged premature deliberations.

Only *United States v. Davis*, 402 F. Supp. 2d 252 (D.D.C. 2005), a narcotics case, involves a motion to interview jurors. Like this jurisdiction, a local rule in *Davis* prohibited juror contact absent permission from the court. *Id.* at 264 n.8. However, given the constraints of Rule 606(b), the court refused petitioner's request. *Id.* at 265. Yet, unlike Mr. Taylor's case, *Davis* does not involve evidence of racial bias, it dealt instead with whether the jurors considered the appropriate elements to convict defendant.

Given the controlling watershed ruling in *Peña-Rodriguez*, which established an exception to the no-impeachment rule when racial bias exists, this Court cannot

3

cast it aside and rely solely on cases that predate the ruling as the Government suggests. "All forms of improper bias pose challenges to the trial process. But there is a sound basis to treat racial bias with added precaution." *Peña-Rodriguez*, 137 S. Ct. at 869. Rather, this Court must decide, considering *Peña-Rodriguez*, whether the evidence Mr. Taylor seeks, when fully developed, can help him demonstrate a claim for relief.

The Government also faults Mr. Taylor for failing to support his allegations with sworn juror affidavits and for waiting ten years after trial to seek evidence to support his claims.[1] However, the Government's argument ignores the fact that without the Court's permission, pursuant to Local Rule 48.1, Mr. Taylor cannot contact the jurors to obtain sworn affidavits. The Government's position puts the cart before the horse and then faults Mr. Taylor for his inability to move the cart. Regarding timing, this is Mr. Taylor's first opportunity, following the trial and motion for new trial, to seek such evidence. Claims of juror misconduct are properly raised during Section 2255 proceedings where the movant can investigate outside the record. *See Ida v. United States*, 191 F. Supp. 2d 426, 436-37 (S.D.N.Y. 2002) (recognizing that defendant could not have raised juror misconduct claim during direct appeal because evidence did not appear in record). Further, courts in other cases have considered posttrial evidence of juror misconduct and evidence ten years

---

[1] "[U]nlike in *Peña-Rodriguez*, there are no sworn affidavits from any of the jurors that something improper occurred during deliberations." Doc. 1027, p. 10, PageID #10454. "[R]isk of conducting a discovery expedition now so long after the fact is enormous and carries a significant risk of yielding false or incorrect information…." *Id.* at p. 14, PageID #10458.

4

after trial. *See Dyer v. Calderon*, 151 F.3d 970, 977-81 (9th Cir. 1998) (finding juror bias and reversing denial of habeas relief where petitioner discovered juror dishonesty ten years after trial).

## CONCLUSION

Rejon Taylor has demonstrated the requisite good cause to investigate juror bias, extraneous influence on the jurors, juror misconduct, and related ineffective assistance of counsel. Racial bias, like the death penalty, is different, and requires vigilance from the courts to eradicate it from our justice system. Potential jury bias in capital sentencing must be given the greatest scrutiny, because "[t]he risk of racial prejudice infecting a capital sentencing proceeding is especially serious in light of the complete finality of the death sentence." *Bennett v. Stirling*, 170 F. Supp. 3d 851, 867 (D.S.C.), aff'd, 842 F.3d 319 (4th Cir. 2016) (citing *Turner v. Murray*, 476 U.S. 28, 35 (1986)). The evidence gathered during the investigation will support Mr. Taylor's claims for relief pursuant to Section 2255. Therefore, this Court should grant leave to permit counsel for Rejon Taylor to contact the jurors and alternate jurors.

Dated: April 10, 2019

Respectfully Submitted,

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit

/s/ Amy D. Harwell
Amy D. Harwell, BPR # 018691
Assistant Chief, Capital Habeas Unit

5

Office of the Federal Public Defender for
the Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis J. Hoag
Alexis J. Hoag, BPR #028712
Senior Counsel
NAACP Legal Defense and
 Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
ahoag@naacpldf.org

*Counsel for Movant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit
Office of the Federal Public Defender
for the Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
kelley_henry@fd.org

7