UNITED STATES OF AMERICA )
)  Case No. 1:04-CR-160
v. )
)  Judge Curtis L. Collier
REJON TAYLOR )

## MEMORANDUM & ORDER

Before the Court is a motion by Defendant, Rejon Taylor, for leave to contact jurors under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, 28 U.S.C. § 2255, and Local Rule 48.1 of the Local Rules of the United States District Court for the Eastern District of Tennessee.  (Doc. 1022.)  The United States (the "Government") has responded in opposition (Doc. 1027), and Defendant has replied (Doc. 1028).

Defendant has shown good cause to contact jurors in this matter. Defendant argues he has good cause to investigate juror bias, extraneous influence on the jurors, juror misconduct, and related ineffective assistance of counsel because the current record contains "indications that the jury's verdict and sentence were based on racial bias," and he may be able to obtain evidence that would newly be admissible under *Pena-Rodriguez v. Colorado*, 580 U.S. __, 137 S. Ct. 855 (2017). (Doc. 1023 at 21.)  The Government's primary basis for opposing the motion is that the information currently in the record is not sufficient to satisfy *Pena-Rodriguez*'s exception to the general rule of inadmissibility of juror testimony.  At this junction, Defendant is not seeking to introduce any evidence, but merely to investigate whether he can obtain such evidence.  The Government also argues the Court has previously resolved the potential racial bias issues in this case through an evidentiary hearing and various rulings regarding the exposure of the jury to newspaper coverage of certain statements by Defendant.  That evidentiary hearing and those rulings took place before

the *Pena-Rodriguez* decision was issued, however. The matters that could have been relevant previously were, therefore, more limited than they are now.

Under Local Rule 48.1, the Court may prescribe the scope of and limits on contact with jurors. Given the amount of time that has elapsed since Defendant's trial and sentencing, the recency of the *Pena-Rodriguez* decision, and the unsettled nature of the law in this area, the Court will directly oversee the parties' contact with jurors. The Court will contact the jurors at the addresses in the Court's file, inform them of the request to contact them, and ask if they would be willing to speak to counsel. The Court attaches a draft of the letter it intends to send to jurors. If they are willing, the Court will arrange dates for the jurors to come into court, one at a time, for questioning by Defendant and the Government. In that way, the Court will be able to protect jurors from inappropriate questioning, while maximizing the free flow of information to the extent appropriate under current law. This procedure will also create a record the parties may use in connection with any motion Defendant may file under 28 U.S.C. § 2255. The Clerk of Court will inform both parties if any mailings are returned, and either party may submit updated address information.

The Court **GRANTS** Defendant's motion (Doc. 1022) on the terms set out above. If any party objects to the procedures the Court has outlined or to the text of the letter, such objections should be filed on or before **April 15, 2019**.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

2