UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA )
)   Case No. 1:04-CR-160
v. )
)   Judge Curtis L. Collier
REJON TAYLOR )

**O R D E R**

On April 11, 2019, the Court granted the motion of Defendant, Rejon Taylor, to contact jurors on terms set by the Court. (Doc. 1029.) Defendant has filed timely objections to the terms the Court set for this contact. (Doc. 1030.)

The Court has considered Defendant's objections and does not find grounds to change its previously stated plan. Defendant objects that coming to Court during a work day could be inconvenient for jurors. Many of the jurors in this case were of or near retirement age at the time of trial, however, and more will likely have retired in the intervening years. The Court is also willing to accommodate jurors' scheduling needs, as stated in the draft letter to jurors (Doc. 1029-1). Defendant is also concerned that discussing the sensitive and potentially embarrassing topic of racial bias would be more difficult in the courtroom than in a private interview. The Court already considered this in developing its plan. The Court balanced the potential difficulties Defendant identifies against the potential difficulties of a juror meeting privately with an attorney for the man the jury collectively voted to condemn to death, and concluded Court supervision would be the best and most appropriate method to allow contact with the jurors. In coming to this conclusion, the Court also considered the slight showing of juror bias Defendant has made, and the Court continues to be mindful of the interests of protecting jurors and the finality of verdicts.

Last, Defendant is concerned that travel to the courthouse may be inconvenient for jurors. As stated above, the Court concludes it is appropriate to provide direct oversight of the process. The Court's draft letter invites jurors to contact the Clerk of Court regarding scheduling, and the Court can address any transportation concerns a juror may raise at that time.

Finally, the Court stated that it would contact jurors at the addresses in the Court's file and inform the parties of any returned mailings, at which point either party could submit updated address information. (Doc. 1029.) Counsel for Defendant has contacted the Office of the Clerk of Court, stating that he has obtained updated addresses for the jurors through investigation and will provide that information to the Clerk's Office by email. If Defendant continues to wish to have contact with jurors is the party seeking to have contact with the jurors, the Clerk of Court will use the address information Defendant submits to the Clerk's Office.

Defendant's objections (Doc. 1030) are **OVERRULED**. Defendant shall **FILE** a statement regarding whether he wishes to proceed on the terms the Court has outlined on or before **April 18, 2019**.

 **SO ORDERED.**

 **ENTER:**

        **/s/**_____
        **CURTIS L. COLLIER**
        **UNITED STATES DISTRICT JUDGE**