Exhibit 11

## DECLARATION OF CARESS USHRY

I, Caress Ushry, a resident of Nashville, Davidson County, Tennessee being of lawful age declare as follows:

1. I am an investigator with the Office the Federal Public Defender for the Middle District of Tennessee.
2. In that capacity, I, along with attorney Amy Harwell, interviewed Dr. David Solovey on April 12, 2019, regarding his assessment of Rejon Taylor.
3. Dr. Solovey discussed his assessment technique and his perception of the referral questions posed by trial counsel.
4. During the interview, Dr. Solovey explained that, though counsel requested that he assess Mr. Taylor's delusions, it is his practice not to engage with religious delusions. Dr. Solovey explained that as a non-Christian, he believes that persons with knowledge of the Bible could likely derail his examination if Dr. Solovey were to engage in religious discussion. Accordingly, he does not ask examinees about them and attempts to keep any examinee from discussing religious delusions.
5. Because Dr. Solovey did not engage with Mr. Taylor's religious delusions, he reported to counsel that Mr. Taylor, indeed, suffered from a delusion.
6. Ms. Harwell questioned Dr. Solovey about his report to counsel that Mr. Taylor was competent. Ms. Harwell and Dr. Solovey reviewed Mr. Taylor's answers on the MacArthur Competence Assessment Tool. Dr. Solovey indicated that he had written Mr. Taylor's answers to the questions correctly.
7. Ms. Harwell inquired how Dr. Solovey found Mr. Taylor competent, given his answers on the MacArthur. Dr. Solovey said that he found Mr. Taylor's answers to not be internally consistent – Mr. Taylor did not exhibit religious delusion with regard to the first two sections on the test (regarding his understanding and reasoning) so he discounted Mr. Taylor's answers on the third (appreciation) section where Mr. Taylor's thinking was obviously delusional. Ms. Harwell pointed out that the questions in the first two sections were framed as a hypothetical regarding two men, Reggie and Fred – about whom there is no information as to their religion or faith status. Ms. Harwell asked if it could be possible that Mr. Taylor's delusion would not extend to a third person about whom he was told nothing, but that it could, in fact, be real as applied to his own belief about his own situation. Dr. Solovey indicated that was certainly possible.
8. Dr. Solovey reviewed with Ms. Harwell Mr. Taylor's answers on the MacArthur "appreciation" section, repeatedly noting "that is not a good answer." He also indicated that he had noted that Mr. Taylor's answers on the MacArthur were consistent with Mr. Taylor's presentation to trial counsel.
9. Dr. Solovey reported that he found Mr. Taylor competent because trial counsel did not provide him any information that Mr. Taylor had religious

1

Exhibit 11

ideation or delusion prior to incarceration. Without information that Mr. Taylor's delusions pre-dated the crime, Dr. Solovey was left with the opinion that Mr. Taylor's delusions were a form of denial rather than psychosis.

10. Ms. Harwell asked Dr. Solovey if his assessment would have changed had trial counsel provided him with information about Mr. Taylor's experience of déjà vous -- specifically that Mr. Taylor said he felt as if he had met attorney Richard Heinsman before actually meeting him. Dr. Solovey indicated that that information might have changed his analysis of Mr. Taylor's delusions.

11. Dr. Solovey further stated that, had he known that Mr. Taylor persisted in his religious delusions when declining the government's plea offer after the conviction, prior to sentencing, such information likely would have changed his assessment of Mr. Taylor's competency.

The foregoing is true and correct and executed under penalty of perjury under the laws of the United States of America on May 07, 2019.

_____
Caress Ushry

_____

2